United States District Court
Western District of New York

-------------------------------------------------X     Docket No. 10 CV 6545 (DGL)

  Mark A. Menafo

           Plaintiff,

     -against-                                    **NOTICE OF MOTION**

The Law Office of Linda Strumpf

          Defendant

-------------------------------------------------X

SIR(S):

      PLEASE TAKE NOTICE, that upon the certification of Linda Strumpf, Esq., dated November 02 2010, and upon all the pleadings and proceedings heretofore had herein, the undersigned will move this Court before the Hon. David G. Larimer, at the U.S. District Court, Western District of New York, the Kenneth B. Keating Federal Building 100 State Street, Rochester, NY 14614 on _____ for an order dismissing the Complaint pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) for failure to state a claim upon which relief can be granted, or, in the alternative, to dismiss or stay this action based on the doctrine of abstention, and for such other and further relief as this Court may deem just and proper.

      PLEASE TAKE FURTHER NOTICE that pursuant to Local Rule 7.1 c please be advised that the undersigned intends to file and serve reply papers and the opposing party is therefore required to file and serve opposing papers at least eight business days prior to the return date.

  Dated: November 02 2010

                          Yours, Etc.

                          Linda Strumpf.
                          Defendant Pro Se
                          244 Colonial Road
                          New Canaan, Ct. 06840
                          203-966-8555

TO: Graham Law P.C.
    Attorneys for Plaintiff
    1207 Delaware Ave.
    Suite 202
    Buffalo, NY 14209

United States District Court
Western District of New York

----------------------------------------------X   Docket No. 10 CV 6545 (DGL)

Mark A. Menafo
                Plaintiff,

  -against-

**DECLARATION OF LINDA STRUMPF
IN SUPPORT OF MOTION TO DISMISS**

The Law Office of Linda Strumpf
             Defendant

----------------------------------------------X

Linda Strumpf, hereby declares under penalty of perjury, that pursuant to 28 U.S.C. §1746, the foregoing is true and correct:

1. I am the defendant in this action, and my knowledge of the events is based on the files maintained in my office and upon my personal knowledge of this case.

2. I commenced a valid action against Mark A. Menafo on behalf of U.S. Equities Corp., for his default on a credit card obligation originally issued by Chase Bank, U.S.A. N.A. in Rochester City Court, Monroe County, State of New York ("City Court action") on December 23, 2009. A copy of the summons and complaint, date stamped, is annexed hereto and made a part hereof as Exhibit A.

3. U.S. Equities Corp. was assigned all rights to the account in the normal course of business from Turtle Creek Assets Ltd (by and through its general partner, Forward Properties International, Inc.) who was assigned all rights to the account in the normal course of business from Chase Bank USA, N.A. A copy of the Chain of Title from Chase to Turtle Creek, and Turtle Creek to U.S. Equities Corp., along with the Exhibit from the original creditor's records, evidencing this debt, is annexed hereto and made a part hereof as Exhibit

1

B. Mr. Menafo has not disputed U.S. Equities' Chain of Title or ownership of this account in this lawsuit.

4. Copies of the credit card statements from August 17, 2006 through January 17, 2008, are annexed hereto and made a part hereof as Exhibit C. The final statement verifies the latest balance of $6114.56 from 2/29/2008.     The statements show that numerous payments and charges were made on this account, which Mr. Menafo has not disputed in this lawsuit. Further, the statements were sent to Mr. Menafo's then current address and never protested.

5. The complaint in the City Court action (see Exhibit A) states:

"10. The defendant(s) agreed, pursuant to the terms of the contract entered into between defendant(s) and **Chase,** that in the event of default, the defendant(s) would be liable for and pay an additional 20% of the amount due and owing, as and for attorney's fees.

11. The plaintiff was assigned all right title and interest of **Chase** to the attorney's fees due and owing from defendant(s), in the normal course of business.

12. The plaintiff demands attorney's fees pursuant to the contract in the sum of $1222.91."

6. By Mr. Menafo's use of the credit card he agreed to the terms and conditions of the

Chase Cardmember Agreement (annexed hereto and made a part hereof as Exhibit D) which

states:

"ACCEPTANCE OF THIS AGREEMENT
*"This agreement governs your credit card account with us…Any use of your account is covered by this agreement.* Please read the entire agreement and keep it for your records. You authorize us to pay for and charge your account for all transactions made on your account. You promise to pay us

2

for all transactions made on your account, as well as any fees or finance charges...

*...You will be bound by this agreement if you or anyone authorized by you use your account for any purpose, even if you don't sign your card. Whether you use or account or not, you will be bound by this agreement unless you cancel your account within 30 days after receiving your card and you have not used your account for any purpose.*" (p. 1, Col. 1) [Emphasis added]

The Cardmember Agreement further states:

"DEFAULT/COLLECTION
To the extent permitted by law, if you are in default because you have failed to pay us you will pay our collection costs, attorneys' fees, court costs, and all other expenses of enforcing our rights under this agreement." (p. 3, Col. 1)

The relevant portions of the Chase Cardmember Agreement are highlighted.

7. The Chase Cardmember Agreement was the prevailing agreement between Mr.

Menafo and Chase Bank USA, N.A. calling for payment of attorney's fees by the card holder

in the event of a default on the credit card. Mr. Menafo defaulted on the credit card, and thus

attorney's fees were properly requested.

8. Mr. Menafo was served in-hand with the summons and complaint. A copy of the

Affidavit of Service is annexed hereto and made a part hereof as Exhibit E. Thereafter, Mr.

Menafo, through his attorneys, served an answer and counterclaim in the City Court action on

January 27, 2010 (A copy of the answer and counterclaim are annexed hereto and made a part

3

hereof as Exhibit F).[1]

9. Part of Mr. Menafo's counterclaim alleges: "…the plaintiff has collected or attempted to collect from defendant amounts, including attorney fees in the amount of 20% … not expressly authorized by any alleged existing agreement or statute." (p. 3, ¶ 4 of Defendant's First Counter-Claim).

10. Mr. Menafo then claims that by so doing, the plaintiff "has violated numerous provisions of the Fair Debt Collection Practices Act (p. 3, ¶ 5 of Defendant's First Counter-Claim).

11. Discovery has been served and responded to in the City Court action.

12. Mr. Menafo's only cause of action in this case is his claim that there was no agreement entitling U.S. Equities to recover attorney's fees in the City Court action, and thus the cause of action for attorney's fees alleged in the City Court complaint was a violation of 15 U.S.C. 1692(f)(1), which states:

> "(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

13. Thus, Mr. Menafo is alleging the exact same Fair Debt Collection Practices Act cause of action in this case, which he alleged over eight months prior to the commencement

---

[1] Mr. Menafo raised affirmative defenses in his answer which were completely bogus - the statute of limitations and a claim that there was no valid assignment of the debt. I respectfully point out that pursuant to the credit card statements, Mr. Menafo's last payment made on this account was 6/20/2007, and as this action was commenced on or about 12/23/2009, the statute of limitations had not expired. Additionally, plaintiff has provided a full chain of title from Chase to U.S. Equities Corp.

of this action in the City Court action.

14. If the Court should deny my motion to dismiss, we respectfully request that the Court dismiss or stay this action based on the doctrine of abstention. Mr. Menafo made the same exact claim which is the subject of this action in the underlying collection action in the City Court action which was commenced nine months prior to the commencement of this action. In accordance with the factors to be considered, as set forth herein, we respectfully request that the Court apply the doctrine of abstention and dismiss or stay this action.

WHEREFORE, it is respectfully requested that the relief requested herein be granted, together with such other and further relief as this Court may deem just and proper.

LINDA STRUMPF

# EXHIBIT A

**CONSUMER CREDIT TRANSACTION**

City Court of the City of Rochester
County of Monroe

-------------------------------------X   Index No.

U.S. Equities Corp.

        Plaintiff,               **SUMMONS**

        -against-

                         Plaintiff's Principal
                         Place of business:
                         P.O. Box 712 (P58)
                         South Salem, NY 10590

Mark A Menafo

        Defendant(s).

-------------------------------------X

To the above named defendant(s):

    YOU ARE HEREBY SUMMONED and required to appear in the City Court of the City of Rochester located at Civil Branch 6 Hall of Justice 99 Exchange Blvd., in said City, County of Monroe, State of New York, 14614 by serving an answer* to the annexed complaint upon plaintiff's attorney at the address stated below, or if there is no attorney, upon the plaintiff at the address stated above within the time provided by law as noted below; upon your failure to answer, judgment will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated:  December 14 2009

                          LINDA STRUMPF, ESQ.
                          Attorney for Plaintiff
                          Post Office Address
                          and Telephone Number
                          2 West Road
                          South Salem, NY 10590
                          (212) 566-6800
                          Our File No. 71201

Address(es):
Mark A Menafo
118 S Ridge Trl
Fairport, NY 14450-3822

NOTE: The law provides that:

    (1) If this summons is served by its delivery to you personally within the County of Monroe, you must answer within 10 days after such service; or

    (2) If this summons is served by delivery to any person other than you personally, or is served outside the County of Monroe or by publication, or by any means other than personal delivery to you within the County of Monroe, you are allowed 30 days after service is complete within which to answer.

*You need not physically go to the court to serve an answer.

71201

City Court of the City of Rochester
County of Monroe
-------------------------------------X   Index No.
U.S. Equities Corp.

                    Plaintiff,                    COMPLAINT
            -against-

Mark A Menafo
                    Defendant(s).
-------------------------------------X

Plaintiff, U.S. Equities Corp. , complaining of the defendant(s), by its attorney, Linda Strumpf, Esq., alleges as follows:

### FIRST CAUSE OF ACTION

1. The defendant(s) had an agreement with **Chase** wherein the defendant(s) agreed to pay, or guarantee payment to, **Chase** for any and all indebtedness incurred by **Chase** advancing money upon written order or request of defendant(s) and/or through the use of charge and/or credit card(s) issued to defendant(s), or as a result of moneys loaned pursuant to a loan note at special instance and request of defendant(s) in the agreed sum and reasonable value of $ 6114.56 plus 24.00% interest from 2/29/2008.

2. The defendant(s) has not paid **Chase** the sum of $6114.56 plus 24.00% interest from 2/29/2008 on the above-mentioned account, although duly demanded.

3. The plaintiff was assigned all right, title and interest of **Chase** to the account of defendant(s), in the normal course of business.

4. The plaintiff has made demand but the defendant(s) refused to pay and continues to refuse to pay.

5. By reason of the foregoing, the defendant(s) is indebted to the plaintiff in the sum of $6114.56 plus 24.00% interest from 2/29/2008.

### SECOND CAUSE OF ACTION

6. The plaintiff repeats the allegations herein 1 through 5 as though fully set forth herein.

7. That heretofore the plaintiff has rendered an account stated to the defendant(s) who has not objected thereto.

8. By reason of the foregoing the defendant(s) is indebted to the plaintiff in the sum of $6114.56 plus 24.00% interest from 2/29/2008.

### THIRD CAUSE OF ACTION

9. The plaintiff repeats the allegations herein 1 through 8 as though fully set forth herein.

10. The defendant(s) agreed, pursuant to the terms of the contract entered into between defendant(s) and **Chase,** that in the event of default, the defendant(s) would be liable for and pay an additional 20% of the amount due and owing, as and for attorney's fees.

11. The plaintiff was assigned all right title and interest of **Chase** to the attorney's fees due and owing from defendant(s), in the normal course of business.

12. The plaintiff demands attorney's fees pursuant to the contract in the sum of  $1222.91.

WHEREFORE, plaintiff demands judgment against defendant(s) for $6114.56, plus 24.00% interest from 2/29/2008, plus attorney's fees, together with the costs and disbursements of this action.

                    LINDA STRUMPF, ESQ.
                    Attorney for Plaintiff
                    Post Office Address & Telephone Number
                    2 West Road
                    South Salem, NY 10599
                    (212) 566-6800
                    Our File No. 71201


Certification pursuant to 130-1.1a (b) of the Rules of the Chief Administrator (22 NYCRR)

# EXHIBIT B

**CHASE** 

## EXHIBIT A

### BILL OF SALE

Chase Bank USA, N.A. ("Seller"), for value received and pursuant to the terms and conditions of Credit Card Account Purchase Agreement dated May 7, 2009 between Seller and Turtle Creek Assets, Ltd., by and through its general partner Forward Properties International, Inc. ("Purchaser"), its successors and assigns ("Credit Card Account Purchase Agreement"), hereby assigns effective as of the File Creation Date of October 13, 2009 all rights, title and interest of Seller in and to those certain receivables, judgments or evidences of debt described in Exhibit 1 attached hereto and made part hereof for all purposes.

| | |
|---|---|
| Number of Accounts | 33,785 |
| Total Unpaid Balances | $137,349,688.21 |
| Premium | |
| Due Seller | |

Amounts due to Seller by Purchaser in hereunder shall be paid U.S. Dollars by a wire transfer to be received by Seller no later than October 22, 2009 (the "Closing Date") by 2:00 p.m. Seller's time, as follows:

> Chase Bank USA, N.A.
> ABA #021000021
> Beneficiary Name:  Chase Bank USA, N.A.
> Beneficiary Account: #304-256420

This Bill of Sale is executed without recourse except as stated in the Credit Card Account Purchase Agreement to which this is an Exhibit. No other representation of or warranty of title or enforceability is expressed or implied.

Chase Bank USA, N.A.                                   Turtle Creek Assets, Ltd.

By: _____            By: _____

Date:  October 19, 2009                        Date:  10/19/09

Title   Operation Manager                     Title   PRESIDENT

## EXHIBIT A

### BILL OF SALE

Turtle Creek Assets, Ltd., by and through its general partner, Forward Properties International, Inc. ("Seller"), for value received and pursuant to the terms and conditions of the Credit Card Account Purchase Agreement between Seller and US EQUITIES CORPORATION ("Purchaser"), hereby sells, conveys, transfers and assigns to Purchaser, effective as of the File Creation Date of October 21, 2009, all rights, title and interest of Seller in and to those certain accounts, receivables, judgments or evidences of debt described in Exhibit 1 attached hereto and made part hereof for all purposes (the "Accounts").

| | |
|---|---|
| Number of Accounts | 660 |
| Total Unpaid Balances | $2,673,596.05 |

The Accounts sold hereby were purchased by Seller from CHASE BANK USA, N. A., a national banking association ("Original Creditor") as evidenced by the Bill of Sale from Original Creditor to Seller attached as Exhibit 2 hereto and made part hereof for all purposes.

This Bill of Sale is executed without recourse except as stated in the Credit Card Account Purchase Agreement to which this is an Exhibit. No other representation of or warranty of title or enforceability is expressed or implied.

**Turtle Creek Assets, Ltd., a Texas limited partnership**

**By:    Forward Properties International, Inc., its general partner**

**By:**_____
            Gordon Engle, President

**Exhibit 1**

| Last Name | First Name | Account Number | Balance |
|---|---|---|---|
| MENAFO | MARK A | **REDACTED** | $6,114.56 |

| Contract Date | Address 1 | City | State |
|---|---|---|---|
| 12/02/03 | 118 S RIDGE TRL | FAIRPORT | NY |

| Zip Code | Home Phone | SSN | Charge Off Date |
|---|---|---|---|
| 144503822 | 5854219286 | **REDACTED** | 02/29/08 |

| First Date of Delinquency | Last Payment Date | LPmt Amt | Officer Code |
|---|---|---|---|
| 08/16/07 | 06/21/07 | $323.75 | ODL001 |

# EXHIBIT C

**Statement** for account number:

| New Balance | Payment Due Date | Past Due Amount | Minimum Payment |
|---|---|---|---|
| $298.62 | 10/11/06 | $0.00 | $10.00 |

**CHASE ⬤**
Overdraft Protection Line of Credit

Amount Enclosed | $ |

Make your check payable to **Chase Card Services**.
New address or e-mail? Print on **back**.

7671131013072562000010000002986200000000

98999 REX Z 35905 C
MARK A MENAFO
118 SOUTH RIDGE TRAIL
FAIRPORT NY 14450-3822

CARDMEMBER SERVICE
PO BOX 15153
WILMINGTON DE 19886-5153

⑯5000 160 28⑯  0471013072562 0⑯

**CHASE ⬤**
Overdraft Protection Line of Credit

Statement Date: 08/17/06 - 09/16/06
Payment Due Date: 10/11/06
Minimum Payment Due. $10.00

**CUSTOMER SERVICE**
In U.S. 1-800-436-7927
Español 1-888-446-3308
TDD 1-800-955-8060
Pay by phone 1-800-436-7958
Outside U.S. call collect 1-302-594-8200

## ACCOUNT SUMMARY

**Account Number:**

| | | | |
|---|---|---|---|
| Previous Balance | $303.49 | Total Credit Line | $5,000 |
| Payment, Credits | -$10.00 | Available Credit | $4,701 |
| Finance Charges | +$5.13 | Cash Access Line | $5,000 |
| New Balance | $298.62 | Available for Cash | $4,701 |

**ACCOUNT INQUIRIES**
P.O. Box 15298
Wilmington, DE 19850-5298

**PAYMENT ADDRESS**
P.O. Box 15153
Wilmington, DE 19886-5153

**VISIT US AT:**
www.chase.com/creditcards

## TRANSACTIONS

| Trans Date | Reference Number | Merchant Name or Transaction Description | Credit | Debit |
|---|---|---|---|---|
| 09/08 | 1253251587828660189662 | PAYMENT - THANK YOU | $10.00 | |

Amount

## FINANCE CHARGES

| Category | Daily Periodic Rate 31 days in cycle | Corresp. APR | Average Daily Balance | Finance Charge Due To Periodic Rate | Transaction Fee | Accumulated Fin Charge | FINANCE CHARGES |
|---|---|---|---|---|---|---|---|
| Purchases | .05452% | 19.90% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Cash advances | .05452% | 19.90% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Overdraft Protection | .05452% | 19.90% | $303.07 | $5.13 | $0.00 | $0.00 | $5.13 |
| Total finance charges | | | | | | | $5.13 |

**Effective Annual Percentage Rate (APR):** 19.90%

Please see Information About Your Account section for balance computation method, grace period, and other important information.

The **Corresponding APR** is the rate of interest you pay when you carry a balance on any transaction category.
The **Effective APR** represents your total finance charges - including transaction fees
such as cash advance and balance transfer fees - expressed as a percentage.

**This Statement is a Facsimile - Not an original**

**Statement** for account number:

| New Balance | Payment Due Date | Past Due Amount | Minimum Payment |
|---|---|---|---|
| $293.48 | 11/10/06 | $0.00 | $10.00 |

**CHASE** 🏦
Overdraft Protection Line of Credit

Amount Enclosed | $ .

Make your check payable to Chase Card Services.
New address or e-mail? Print on back

7671131013072562000010000002934800000 1

81148 BEX Z 28908 C
MARK A MENAFO
118 SOUTH RIDGE TRAIL
FAIRPORT NY 14450-3822

CARDMEMBER SERVICE
PO BOX 15153
WILMINGTON DE 19886-5153

⑃5000160 28⑃  0471013072562 0⑃

**CHASE** 🏦
Overdraft Protection Line of Credit

Statement Date:        09/17/06 - 10/16/06
Payment Due Date:                 11/10/06
Minimum Payment Due:                $10.00

**CUSTOMER SERVICE**
In U.S.          1-800-436-7927
Español         1-888-446-3308
TDD             1-800-955-8060
Pay by phone 1-800-436-7958
Outside U.S. call collect
                1-302-594-8200

## ACCOUNT SUMMARY

**Account Number:**

| | | |
|---|---|---|
| Previous Balance | $298.62 | Total Credit Line | $5,000 |
| Payment, Credits | -$10.00 | Available Credit | $4,706 |
| Finance Charges | +$4.86 | Cash Access Line | $5,000 |
| New Balance | $293.48 | Available for Cash | $4,706 |

**ACCOUNT INQUIRIES**
P.O. Box 15298
Wilmington, DE 19850-5298

**PAYMENT ADDRESS**
P.O. Box 15153
Wilmington, DE 19886-5153

**VISIT US AT:**
www.chase.com/creditcards

## TRANSACTIONS

| Trans Date | Reference Number | Merchant Name or Transaction Description | Amount Credit | Debit |
|---|---|---|---|---|
| 10/05 | 1279278568557581014501 7 | PAYMENT - THANK YOU | $10.00 | |

## FINANCE CHARGES

| Category | Daily Periodic Rate 30 days in cycle | Corresp. APR | Average Daily Balance | Finance Charge Due To Periodic Rate | Transaction Fee | Accumulated Fin Charge | FINANCE CHARGES |
|---|---|---|---|---|---|---|---|
| Purchases | .05452% | 19.90% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Cash advances | .05452% | 19.90% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Overdraft Protection | .05452% | 19.90% | $298.98 | $4.86 | $0.00 | $0.00 | $4.86 |
| Total finance charges | | | | | | | $4.86 |

**Effective Annual Percentage Rate (APR):**        19.90%

Please see Information About Your Account section for balance computation method, grace period, and other important information.

The Corresponding APR is the rate of interest you pay when you carry a balance on any transaction category.
The Effective APR represents your total finance charges - including transaction fees
such as cash advance and balance transfer fees - expressed as a percentage.

X 0000001  FI533335 C 1        000  N  Z  16  05/12/16        Page 1 of 1        02225  MA MR 81149    2891000801000811490 1

**Statement** for account number:

| New Balance | Payment Due Date | Past Due Amount | Minimum Payment |
|---|---|---|---|
| $4,463.63 | 12/11/06 | $0.00 | $89.00 |

**CHASE ◑**
Overdraft Protection Line of Credit

Amount Enclosed | $ | . | Make your check payable to Chase Card Services.
New address or e-mail? Print on back.

7671131013072562000089000044636300000 5

53135 BEX Z 32006 C
MARK A MENAFO
118 SOUTH RIDGE TRAIL
FAIRPORT NY 14450-3822

CARDMEMBER SERVICE
PO BOX 15153
WILMINGTON DE 19886-5153

⑆5000 160 28⑆: 047 10 1307 256 20⑈

**CHASE ◑**
Overdraft Protection Line of Credit

Statement Date: 10/17/06 - 11/16/06
Payment Due Date: 12/11/06
Minimum Payment Due: $89.00

**CUSTOMER SERVICE**
In U.S.        1-800-436-7927
Español       1-888-446-3308
TDD           1-800-955-8060
Pay by phone 1-800-436-7958
Outside U.S. call collect
              1-302-594-8200

## ACCOUNT SUMMARY

Account Number: 12

| Previous Balance | $283.48 |
|---|---|
| Payment, Credits | -$10.00 |
| Purchases, Cash, Debits | +$4,150.00 |
| Finance Charges | +$30.15 |
| New Balance | $4,463.63 |

| Total Credit Line | $5,000 |
|---|---|
| Available Credit | $536 |
| Cash Access Line | $5,000 |
| Available for Cash | $538 |

**ACCOUNT INQUIRIES**
P.O. Box 15298
Wilmington, DE 19850-5298

**PAYMENT ADDRESS**
P.O. Box 15153
Wilmington, DE 19886-5153

**VISIT US AT:**
www.chase.com/creditcards

## TRANSACTIONS

| Trans Date | Reference Number | Merchant Name or Transaction Description | | Credit | Debit |
|---|---|---|---|---|---|
| 10/16 | 3444400280313600083583 | CHKG ODP 000723001971765 NEW YORK | NY | | $600.00 |
| 10/24 | 3444400298313600072373 | CHKG ODP 000723001971765 NEW YORK | NY | | 50.00 |
| 10/30 | 3444400304313600099561 | CHKG ODP 000723001971765 NEW YORK | NY | | 100.00 |
| 10/31 | 3444400305313600056908 | CHKG ODP 000723001971765 NEW YORK | NY | | 50.00 |
| 11/01 | 3444400306313600058175 | CHKG ODP 000723001971765 NEW YORK | NY | | 400.00 |
| 11/03 | 3444400310313600040776 | CHKG ODP 000723001971765 NEW YORK | NY | | 650.00 |
| 11/06 | 3444400311313600070212 | CHKG ODP 000723001971765 NEW YORK | NY | | 300.00 |
| 11/10 | 1316314569467715018858 4 | PAYMENT - THANK YOU | | 10.00 | |
| 11/10 | 3444400317313600056275 | CHKG ODP 000723001971765 NEW YORK | NY | | 50.00 |
| 11/13 | 3444400318313800009749 | CHKG ODP 000723001971765 NEW YORK | NY | | 200.00 |
| 11/14 | 3444400318313600090171 | CHKG ODP 000723001971765 NEW YORK | NY | | 50.00 |
| 11/15 | 3444400320313600066583 | CHKG ODP 000723001971765 NEW YORK | NY | | 1,700.00 |

## FINANCE CHARGES

| Category | Daily Periodic Rate 31 days in cycle | Corresp. APR | Average Daily Balance | Finance Charge Periodic Rate | Due To Fee | Transaction Fin Charge | Accumulated | FINANCE CHARGES |
|---|---|---|---|---|---|---|---|---|
| Purchases | .05452% | 19.90% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Cash advances | .05452% | 19.90% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Overdraft Protection | .05452% | 19.90% | $1,783.70 | $30.15 | $0.00 | $0.00 | $0.00 | $30.15 |

Total finance charges $30.15

**Effective Annual Percentage Rate (APR):**   19.90%

Please see Information About Your Account section for balance computation method, grace period, and other important information.

The Corresponding APR is the rate of interest you pay when you carry a balance on any transaction category.
The Effective APR represents your total finance charges - including transaction fees
such as cash advance and balance transfer fees - expressed as a percentage.

**Statement** for account number:

| New Balance | Payment Due Date | Past Due Amount | Minimum Payment |
|---|---|---|---|
| $4,387.86 | 01/10/07 | $0.00 | $87.00 |

**CHASE**
Overdraft Protection Line of Credit

Amount Enclosed | $ .

Make your check payable to Chase Card Services.
New address or e-mail? Print on back.

76711310130725620000870000438786000007

98094 BEX Z 33008 C
MARK A MENAFO
118 SOUTH RIDGE TRAIL
FAIRPORT NY 14450-3822

CARDMEMBER SERVICE
PO BOX 15153
WILMINGTON DE 19886-5153

⑃5000160286 047101307256120⑃

**CHASE**
Overdraft Protection Line of Credit

Opening/Closing Date:       11/17/06 - 12/16/06
Payment Due Date:                     01/10/07
Minimum Payment Due:                     $87.00

**CUSTOMER SERVICE**
In U.S.        1-800-436-7927
Español       1-888-446-3308
TDD          1-800-955-8060
Pay by phone 1-800-436-7958
Outside U.S. call collect
                  1-302-594-8200

### ACCOUNT SUMMARY

Account Number:

| | | |
|---|---|---|
| Previous Balance | $4,463.63 | Total Credit Line $5,000 |
| Payment, Credits | -$300.00 | Available Credit $612 |
| Purchases, Cash, Debits | +$150.00 | Cash Access Line $5,000 |
| Finance Charges | +$74.23 | Available for Cash $612 |
| New Balance | $4,387.86 | |

**ACCOUNT INQUIRIES**
P.O. Box 15298
Wilmington, DE 19850-5298

**PAYMENT ADDRESS**
P.O. Box 15153
Wilmington, DE 19886-5153

**VISIT US AT:**
www.chase.com/creditcards

### TRANSACTIONS

| Trans Date | Reference Number | Merchant Name or Transaction Description | | Credit | Debit |
|---|---|---|---|---|---|
| 11/27 | 344440033231360000088343 | CHKG ODP 0007230019771765 NEW YORK | NY | | $100.00 |
| 11/28 | 344440033331360000078441 | CHKG ODP 0007230019771765 NEW YORK | NY | | 50.00 |
| 12/11 | 1346345570091904590964B | PAYMENT - THANK YOU | | 300 00 | |

### FINANCE CHARGES

| Category | Daily Periodic Rate Corresp. 30 days in cycle | APR | Average Daily Balance | Finance Charge Due To Periodic Rate | Transaction Fee | Accumulated Fin Charge | FINANCE CHARGES |
|---|---|---|---|---|---|---|---|
| Purchases | .05452% | 19.90% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Cash advances | .05452% | 19.90% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Overdraft Protection | .05452% | 19.90% | $4,537.86 | $74.23 | $0.00 | $0.00 | $74.23 |
| Total finance charges | | | | | | | $74.23 |

**Effective Annual Percentage Rate (APR):**          19.90%

Please see Information About Your Account section for balance computation method, grace period, and other important information.

The Corresponding APR is the rate of interest you pay when you carry a balance on any transaction category.
The Effective APR represents your total finance charges - including transaction fees
such as cash advance and balance transfer fees - expressed as a percentage.

### IMPORTANT NEWS

Claim your reward today! You still have time to claim your
Thomas Kinkade Lithographs! Simply go to
www.rewardcenter.com and enter 167312 where it asks for your
certificate number. Take advantage of this final opportunity
to claim this exclusive collection!

HOLIDAY SHOPPERS: Get low prices on
MP3 players, toys, digital cameras, flat screen TV's,
and lots more through Trizeglant's offer. You can get up
to $50 cash back on purchases with your Shoppers Advantage
membership. CALL 1-866-883-7233 TODAY.

As a valued Cardmember, you've been issued a Thank You up
to $100. Claim your favorites, each with a low fee of $2.95.
Log on for details and claim your Thank You up to $100 from
SynapseConnect. www.giftcard100.com/claim. Code 29235

Why pay a higher rate with other cards, when you may be
able to consolidate your balances and save on interest at
the same time? Please call the Balance Transfer Hotline at
1-800-945-2014 to see if you qualify today!

**This Statement is a Facsimile - Not an original**

**Statement** for account number:

| New Balance | Payment Due Date | Past Due Amount | Minimum Payment |
|---|---|---|---|
| $5,014.91 | 02/10/07 | $0.00 | $114.91 |

**CHASE** ⬡
Overdraft Protection Line of Credit

Amount Enclosed | $ .

Make your check payable to Chase Card Services.
New address or e-mail? Print on back.

Tax time is here. Make your payment using your Chase credit card  For details visit www.chasepayyourtaxes.com.

7671131013072562000114910050149100000002

15413 BEX Z 01807 C
MARK A MENAFO
118 SOUTH RIDGE TRAIL
FAIRPORT NY 14450-3822

CARDMEMBER SERVICE
PO BOX 15153
WILMINGTON DE 19886-5153

⑆5000160281⑆ 0471013072562 0⑈

**CHASE** ⬡
Overdraft Protection Line of Credit

Opening/Closing Date:   12/17/06 - 01/16/07
Payment Due Date:   02/10/07
Minimum Payment Due:   $114.91

**CUSTOMER SERVICE**
In U.S.   1-800-436-7927
Español   1-888-446-3308
TDD   1-800-955-8060
Pay by phone 1-800-436-7958
Outside U.S. call collect
1-302-594-8200

## ACCOUNT SUMMARY

Account Number:

| | | | | |
|---|---|---|---|---|
| Previous Balance | $4,387.88 | Total Credit Line | $5,000 | **ACCOUNT INQUIRIES** P.O. Box 15298 Wilmington, DE 19850-5298 |
| Payment, Credits | -$90.00 | Available Credit | $0 | |
| Purchases, Cash, Debits | +$639.00 | Cash Access Line | $5,000 | |
| Finance Charges | +$78.05 | Available for Cash | $0 | **PAYMENT ADDRESS** P.O. Box 15153 Wilmington, DE 19886-5153 |
| New Balance | $5,014.91 | | | |

VISIT US AT:
www.chase.com/creditcards

## TRANSACTIONS

| Trans Date   Reference Number | Merchant Name or Transaction Description | | Credit | Debit |
|---|---|---|---|---|
| 01/02 3444400000313500007333J | CHKG ODP 000723001971765 NEW YORK | NY | | $50.00 |
| 01/03 3444400004313500005822G | CHKG ODP 000723001971765 NEW YORK | NY | | 50.00 |
| 01/04 3444400005313500005213S | CHKG ODP 000723001971765 NEW YORK | NY | | 50.00 |
| 01/05 3444400008313500005091Z | CHKG ODP 000723001971765 NEW YORK | NY | | 50.00 |
| 01/08 3444400009313500007872B | CHKG ODP 000723001971765 NEW YORK | NY | | 350.00 |
| 01/10 3444400011313500006863Z | CHKG ODP 000723001971765 NEW YORK | NY | | 50.00 |
| 01/11 | LATE FEE | | | 39.00 |
| 01/12 10130125600919045924588 | PAYMENT - THANK YOU | | 90.00 | |

## FINANCE CHARGES

| Category | Daily Periodic Rate 31 days in cycle | Corresp. APR | Average Daily Balance | Finance Charge Due To Periodic Rate | Transaction Fee | Accumulated Fin Charge | FINANCE CHARGES |
|---|---|---|---|---|---|---|---|
| Purchases | .05452% | 19.90% | $7.55 | $0.13 | $0.00 | $0.00 | $0.13 |
| Cash advances | .05452% | 19.90% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Overdraft Protection | .05452% | 19.90% | $4,609.92 | $77.92 | $0.00 | $0.00 | $77.92 |
| Total finance charges | | | | | | | $78.05 |

**Effective Annual Percentage Rate (APR):**   19.90%

Please see Information About Your Account section for balance computation method, grace period, and other important information.

The Corresponding APR is the rate of interest you pay when you carry a balance on any transaction category.
The Effective APR represents your total finance charges - including transaction fees
such as cash advance and balance transfer fees - expressed as a percentage.

**Statement for account number:**

| New Balance | Payment Due Date | Past Due Amount | Minimum Payment |
|---|---|---|---|
| $5,175.09 | 03/13/07 | $100.00 | $378.09 |

CHASE **O**
Overdraft Protection Line of Credit

Amount Enclosed | $          .

Make your check payable to Chase **Card Services.**
New address or e-mail? Print on back.

Tax time is here. Make
your payment using your Chase
credit card. For details visit
www.chasepayyourtaxes.com.

7671131013072562000378090051750900000004

74187 BEX Z 04707 C
MARK A MENAFO
118 SOUTH RIDGE TRAIL
FAIRPORT NY 14450-3822

CARDMEMBER SERVICE
PO BOX 15153
WILMINGTON DE 19886-5153

⑆5000160 28⑆ 047101307256 20⑈

CHASE **O**
Overdraft Protection Line of Credit

Opening/Closing Date:
Payment Due Date:
Minimum Payment Due:

01/17/07 - 02/16/07
03/13/07
$378.09

**CUSTOMER SERVICE**
In U.S.          1-800-436-7927
Español          1-888-446-3308
TDD              1-800-955-8060
Pay by phone 1-800-436-7958
Outside U.S. call collect
                 1-302-594-8200

## ACCOUNT SUMMARY

**Account Number:**

| | |
|---|---|
| Previous Balance | $5,014.91 |
| Purchases, Cash, Debits | +$74.00 |
| Finance Charges | +$86.18 |
| New Balance | $5,175.09 |

| | |
|---|---|
| Total Credit Line | $5,000 |
| Available Credit | $0 |
| Cash Access Line | $5,000 |
| Available for Cash | $0 |

**ACCOUNT INQUIRIES**
P.O. Box 15298
Wilmington, DE 19850-5298

**PAYMENT ADDRESS**
P.O. Box 15153
Wilmington, DE 19886-5153

**VISIT US AT:**
www.chase.com/creditcards

## TRANSACTIONS

| Trans Date | Reference Number | Merchant Name or Transaction Description | Amount Credit | Debit |
|---|---|---|---|---|
| 02/11 | | LATE FEE | | $39.00 |
| 01/17 | | OVERLIMIT FEE | | 35.00 |

## FINANCE CHARGES

| Category | Daily Periodic Rate 31 days in cycle | Corresp. APR | Average Daily Balance | Finance Charge Due To Periodic Rate | Transaction Fee | Accumulated Fin Charge | FINANCE CHARGES |
|---|---|---|---|---|---|---|---|
| Purchases | .05452% | 19.90% | $82.29 | $1.39 | $0.00 | $0.00 | $1.39 |
| Cash advances | .05452% | 19.90% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Overdraft Protection | .05452% | 19.90% | $5,016.67 | $84.79 | $0.00 | $0.00 | $84.79 |
| Total finance charges | | | | | | | $86.18 |

**Effective Annual Percentage Rate (APR):          19.90%**

Please see Information About Your Account section for balance computation method, grace period, and other important information.

The Corresponding APR is the rate of interest you pay when you carry a balance on any transaction category.
The Effective APR represents your total finance charges - including transaction fees
such as cash advance and balance transfer fees - expressed as a percentage.

**This Statement is a Facsimile - Not an original**

X 0000001 FIS33335 C I          000  M  Z  18  07/02/16          Page 1 of 1          00225   MA MR 74187          04710000010007418701

**Statement for account number:**

| New Balance | Payment Due Date | Past Due Amount | Minimum Payment |
|---|---|---|---|
| $5,211.87 | 04/10/07 | $87.00 | $402.87 |

**CHASE** ◯
Overdraft Protection Line of Credit

Amount Enclosed | $ |

Make your check payable to Chase Card Services.
New address or e-mail? Print on back.

Tax time is here. Make
your payment using your Chase
credit card. For details visit
www.chasepayyourtaxes.com.

7671131013072562000402870052118700000003

8948I BEX Z 07507 C
MARK A MENAFO
118 SOUTH RIDGE TRAIL
FAIRPORT NY 14450-3822

CARDMEMBER SERVICE
PO BOX 15153
WILMINGTON DE 19886-5153

⑃5000160281: 04710130725620⑆"

**CHASE** ◯
Overdraft Protection Line of Credit

| | | |
|---|---|---|
| Opening/Closing Date: | 02/17/07 - 03/16/07 | |
| Payment Due Date: | 04/10/07 | |
| Minimum Payment Due: | $402.87 | |

**CUSTOMER SERVICE**
In U.S.                    1-800-436-7927
Español                    1-888-446-3308
TDD                        1-800-855-8060
Pay by phone 1-800-436-7958
Outside U.S. call collect
                           1-302-594-8200

## ACCOUNT SUMMARY

**Account Number:**

| | | | | |
|---|---|---|---|---|
| Previous Balance | $5,175.08 | Total Credit Line | $5,000 | |
| Payment, Credits | -$116.00 | Available Credit | $0 | |
| Purchases, Cash, Debits | +$74.00 | Cash Access Line | $5,000 | |
| Finance Charges | +$78.78 | Available for Cash | $0 | |
| New Balance | $5,211.87 | | | |

**ACCOUNT INQUIRIES**
P.O. Box 15298
Wilmington, DE 19850-5298

**PAYMENT ADDRESS**
P.O. Box 15153
Wilmington, DE 19886-5153

**VISIT US AT:**
www.chase.com/creditcards

## TRANSACTIONS

| Trans Date | Reference Number | Merchant Name or Transaction Description | Amount Credit | Debit |
|---|---|---|---|---|
| 02/23 | 10550545600919045504348 | PAYMENT - THANK YOU | $116.00 | |
| 02/18 | | OVERLIMIT FEE | | 35.00 |
| 03/14 | | LATE FEE | | 39.00 |

## FINANCE CHARGES

| Category | Daily Periodic Rate 28 days in cycle | Corresp. APR | Average Daily Balance | Finance Charge Periodic Rate | Fee | Transaction Fin Charge | Accumulated | FINANCE CHARGES |
|---|---|---|---|---|---|---|---|---|
| Purchases | .05452% | 19.90% | $152.33 | $2.33 | $0.00 | $0.00 | $0.00 | $2.33 |
| Cash advances | .05452% | 19.90% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Overdraft Protection | .05452% | 19.90% | $5,007.53 | $76.45 | $0.00 | $0.00 | $0.00 | $76.45 |
| Total finance charges | | | | | | | | $78.78 |

**Effective Annual Percentage Rate (APR):**   19.90%

Please see Information About Your Account section for balance computation method, grace period, and other important information.

The Corresponding APR is the rate of interest you pay when you carry a balance on any transaction category.
The Effective APR represents your total finance charges - including transaction fees
such as cash advance and balance transfer fees - expressed as a percentage.

## IMPORTANT NEWS

NOTICE: We are replacing the Two-Cycle Average Daily Balance
Method (compute interest on previous and current cycle
purchase balances) with the Average Daily Balance including
new purchases Method (purchases daily balance times
purchases daily rate each day only in the current cycle).

**Statement** for account number:

| New Balance | Payment Due Date | Past Due Amount | Minimum Payment | |
|---|---|---|---|---|
| $5,375.39 | 05/11/07 | $191.00 | $673.39 | CHASE ◯ |

Overdraft Protection Line of Credit

Amount Enclosed  $ .

Make your check payable to Chase **Card Services.**
New address or e-mail? Print on back.

7671131013072562000673390053753900000008

12312 BEX Z 10607 C
MARK A MENAFO
118 SOUTH RIDGE TRAIL
FAIRPORT NY 14450-3822

CARDMEMBER SERVICE
PO BOX 15153
WILMINGTON DE 19886-5153

⑆5000160286⑆ 04710130725620⑈

CHASE ◯
Overdraft Protection Line of Credit

| Opening/Closing Date: | 03/17/07 - 04/16/07 |
| Payment Due Date: | 05/11/07 |
| Minimum Payment Due: | $673.39 |

**CUSTOMER SERVICE**
In U.S.         1-800-436-7927
Español        1-888-446-3308
TDD            1-800-955-8060
Pay by phone 1-800-436-7958
Outside U.S. call collect
               1-302-594-8200

### ACCOUNT SUMMARY

Account Number:

| | | | |
|---|---|---|---|
| Previous Balance | $5,211.87 | Total Credit Line | $5,000 |
| Purchases, Cash, Debits | +$74.00 | Available Credit | $0 |
| Finance Charges | +$89.52 | Cash Access Line | $5,000 |
| New Balance | $5,375.39 | Available for Cash | $0 |

**ACCOUNT INQUIRIES**
P.O. Box 15298
Wilmington, DE 19850-5298

**PAYMENT ADDRESS**
P.O. Box 15153
Wilmington, DE 19886-5153

**VISIT US AT:**
www.chase.com/creditcards

Your credit card account is past due.  Please send payment immediately.  Call 1-800-955-8030
(collect 1-302-594-8200) today.

### TRANSACTIONS

| Trans Date | Reference Number | Merchant Name or Transaction Description | Amount Credit | Debit |
|---|---|---|---|---|
| 03/18 | | OVERLIMIT FEE | | $35.00 |
| 04/11 | | LATE FEE | | 39.00 |

### FINANCE CHARGES

| Category | Daily Periodic Rate | Corresp. APR | Average Daily Balance | Finance Charge Periodic Rate | Due To Fee | Transaction Fin Charge | Accumulated | FINANCE CHARGES |
|---|---|---|---|---|---|---|---|---|
| | 31 days in cycle | | | | | | | |
| Purchases | .05452% | 19.90% | $232.58 | $3.93 | $0.00 | $0.00 | $3.93 | |
| Cash advances | .05452% | 19.90% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | |
| Overdraft Protection | .05452% | 19.90% | $5,063.81 | $85.59 | $0.00 | $0.00 | $85.59 | |
| Total finance charges | | | | | | | | $89.52 |

Effective Annual Percentage Rate (APR):        19.90%

Please see Information About Your Account section for balance computation method, grace period, and other important information.
The Corresponding APR is the rate of interest you pay when you carry a balance on any transaction category.
The Effective APR represents your total finance charges - including transaction fees
such as cash advance and balance transfer fees - expressed as a percentage.

**This Statement is a Facsimile - Not an original**

X 0000001  FIS33335 C 1          000  M  Z  18  07/04/16        Page 1 of 1        02225  MA MR 12312    10810009018001231201

**Statement** for account number:

| New Balance | Payment Due Date | Past Due Amount | Minimum Payment | CHASE ◯ |
|---|---|---|---|---|
| $5,219.75 | 06/10/07 | $0.00 | $323.75 | Overdraft Protection Line of Credit |

Amount Enclosed | $ | . | Make your check payable to Chase Card Services. New address or e-mail? Print on back.

767113101307256200032375005219750000009

73678 REX Z 13607 C
MARK A MENAFO
118 S RIDGE TRL
FAIRPORT NY 14450-3822

CARDMEMBER SERVICE
PO BOX 15153
WILMINGTON DE 19886-5153

⑆5000160028⑆ 0471013072562 0⑈

CHASE ◯
Overdraft Protection Line of Credit

Opening/Closing Dates: 04/17/07 - 05/16/07
Payment Due Date: 06/10/07
Minimum Payment Due: $323.75

**CUSTOMER SERVICE**
In U.S.        1-800-436-7927
Español        1-888-446-3308
TDD            1-800-955-8060
Pay by phone 1-800-436-7858
Outside U.S. call collect
               1-302-594-8200

**ACCOUNT SUMMARY**        Account Number:

| | | | | |
|---|---|---|---|---|
| Previous Balance | $5,375.39 | **Total Credit Line** | $5,000 | |
| Payment, Credits | -$298.00 | Available Credit | $0 | |
| Purchases. Cash, Debits | +$53.95 | Cash Access Line | $5,000 | |
| Finance Charges | +$88.41 | Available for Cash | $0 | |
| New Balance | $5,219.75 | | | |

**ACCOUNT INQUIRIES**
P.O. Box 15298
Wilmington, DE 19850-5298

**PAYMENT ADDRESS**
P.O. Box 15153
Wilmington, DE 18886-5153

**VISIT US AT:**
www.chase.com/creditcards

**TRANSACTIONS**

| Trans Date | Reference Number | Merchant Name or Transaction Description | | Credit | Debit |
|---|---|---|---|---|---|
| 05/13 | | LATE FEE | | | $39.00 |
| 05/15 | 1135135083974903770002 | PAYMENT - THANK YOU | | 298.00 | |
| 05/15 | 7426685135346700082572 | EPAY FEEWilmington | DE | | 14.95 |

**FINANCE CHARGES**

| Category | Daily Periodic Rate 30 days in cycle | Corresp. APR | Average Daily Balance | Finance Charge Due To Periodic Rate | Transaction Fee | Accumulated Fin Charge | FINANCE CHARGES |
|---|---|---|---|---|---|---|---|
| Purchases | .05452% | 19.90% | $289.73 | $4.42 | $0.00 | $0.00 | $4.42 |
| Cash advances | .05452% | 19.90% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Overdraft Protection | .05452% | 19.90% | $5,134.70 | $83.99 | $0.00 | $0.00 | $83.99 |
| Total finance charges | | | | | | | $88.41 |

**Effective Annual Percentage Rate (APR):**        19.90%

Please see Information About Your Account section for balance computation method, grace period, and other important information.

The Corresponding APR is the rate of interest you pay when you carry a balance on any transaction category.
The Effective APR represents your total finance charges - including transaction fees
such as cash advance and balance transfer fees - expressed as a percentage.

**This Statement is a Facsimile - Not an original**

**Statement for account number:**

| New Balance | Payment Due Date | Past Due Amount | Minimum Payment | CHASE ◯ |
|---|---|---|---|---|
| $5,286.81 | 07/11/07 | $104.00 | $495.81 | Overdraft Protection Line of Credit |

Amount Enclosed | $ |

Make your check payable to Chase Card Services.
New address or e-mail? Print on back.

7671131013072562000495810052868100000001

90002 BEX Z 16707 C
MARK A MENAFO
118 S RIDGE TRL
FAIRPORT NY 14450-3822

CARDMEMBER SERVICE
PO BOX 15153
WILMINGTON DE 19886-5153

⑆5000160281⑆ 0471013072562Ø⑈

CHASE ◯
Overdraft Protection Line of Credit

Opening/Closing Date.          05/17/07 - 06/16/07
Payment Due Date:                         07/11/07
Minimum Payment Due:                      $495.81

**CUSTOMER SERVICE**
In U.S.            1-800-436-7927
Español            1-888-446-3308
TDD                1-800-955-8060
Pay by phone 1-800-436-7958
Outside U.S. call collect
                   1-302-594-8200

### ACCOUNT SUMMARY

Account Number:

| Previous Balance | $5,219.75 |
| Payment, Credits | -$60.00 |
| Purchases, Cash, Debits | +$39.00 |
| Finance Charges | +$88.06 |
| New Balance | $5,286.81 |

| Total Credit Line | $5,000 |
| Available Credit | $0 |
| Cash Access Line | $5,000 |
| Available for Cash | $0 |

**ACCOUNT INQUIRIES**
P.O. Box 15298
Wilmington, DE 19850-5298

**PAYMENT ADDRESS**
P.O. Box 15153
Wilmington, DE 19886-5153

**VISIT US AT:**
www.chase.com/creditcards

### TRANSACTIONS

| Trans Date | Reference Number | Merchant Name or Transaction Description | | Amount Credit | Amount Debit |
|---|---|---|---|---|---|
| 05/17 | 7426685137324500000661 | Payment Program Credit | DE | $50 00 | |
| 06/11 | | LATE FEE | | | 39.00 |

### FINANCE CHARGES

| Category | Daily Periodic Rate 31 days in cycle | Corresp. APR | Average Daily Balance | Finance Charge Due To Periodic Rate | Transaction Fee | Accumulated Fin Charge | FINANCE CHARGES |
|---|---|---|---|---|---|---|---|
| Purchases | .05452% | 19.90% | $242.95 | $4.11 | $0.00 | $0.00 | $4.11 |
| Cash advances | .05452% | 19.90% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Overdraft Protection | .05452% | 19.90% | $4,966.75 | $83.95 | $0.00 | $0.00 | $83.95 |
| Total finance charges | | | | | | | $88.06 |

**Effective Annual Percentage Rate (APR):**     19.90%

Please see Information About Your Account section for balance computation method, grace period, and other important information.

The Corresponding APR is the rate of interest you pay when you carry a balance on any transaction category.
The Effective APR represents your total finance charges - including transaction fees
such as cash advance and balance transfer fees - expressed as a percentage.

**Statement** for account number

| New Balance | Payment Due Date | Past Due Amount | Minimum Payment |
|---|---|---|---|
| $5,078.87 | 08/10/07 | $0.00 | $179.87 |

**CHASE** ○
Overdraft Protection Line of Credit

Amount Enclosed | $   .

Make your check payable to Chase **Card Services.**
New address or e-mail? Print on back.

7671131013072562000179870050788700000001

16353 BEX Z 19707 C
MARK A MENAFO
118 S RIDGE TRL
FAIRPORT NY 14450-3822

CARDMEMBER SERVICE
PO BOX 15153
WILMINGTON DE 19886-5153

1:5000160281: 0471013072562011

**CHASE** ○
Overdraft Protection Line of Credit

Opening/Closing Date:
Payment Due Date:
Minimum Payment Due:

06/17/07 - 07/16/07
08/10/07
$179.87

**CUSTOMER SERVICE**
In U.S.        1-800-436-7927
Español        1-888-446-3308
TDD            1-800-955-8060
Pay by phone 1-800-436-7958
Outside U.S. call collect
               1-302-594-8200

**ACCOUNT INQUIRIES**
ı. Box 15298
Wilmington, DE 19850-5298

**PAYMENT ADDRESS**
P.O. Box 15153
Wilmington, DE 19886-5153

**VISIT US AT:**
www.chase.com/creditcards

## ACCOUNT SUMMARY

Account Number:

| | | |
|---|---|---|
| Previous Balance | $5,288.81 | |
| Payment, Credits | -$323.75 | |
| Purchases, Cash, Debits | +$33.19 | |
| Finance Charges | +$82.62 | |
| New Balance | $5,078.87 | |

| | | |
|---|---|---|
| Total Credit Line | $5,000 | |
| Available Credit | $0 | |
| Cash Access Line | $5,000 | |
| Available for Cash | $0 | |

## TRANSACTIONS

| Trans Date | Reference Number | Merchant Name or Transaction Description | | Credit | Debit |
|---|---|---|---|---|---|
| 06/20 | 7172171570091904538I300 | PAYMENT - THANK YOU | | $323.75 | |
| 07/03 | 54444001883135000083385 | CHKG ODP 000723001671765 NEW YORK | NY | | 33.19 |

## FINANCE CHARGES

| Category | Daily Periodic Rate 30 days in cycle | Corresp. APR | Average Daily Balance | Finance Charge Due To Periodic Rate | Transaction Fee | Accumulated Fin Charge | FINANCE CHARGES |
|---|---|---|---|---|---|---|---|
| Purchases | .05452% | 19.90% | $87.18 | $1.43 | $0.00 | $0.00 | $1.43 |
| Cash advances | .05452% | 19.90% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Overdraft Protection | .05452% | 19.90% | $4,963.74 | $81.19 | $0.00 | $0.00 | $81.19 |
| Total finance charges | | | | | | | $82.62 |

**Effective Annual Percentage Rate (APR):**        19.90%

Please see Information About Your Account section for balance computation method, grace period, and other important information.

The Corresponding APR is the rate of interest you pay when you carry a balance on any transaction category.
The Effective APR represents your total finance charges - including transaction fees
such as cash advance and balance transfer fees - expressed as a percentage.

**This Statement is a Facsimile - Not an original**

**Statement for account number:**

| New Balance | Payment Due Date | Past Due Amount | Minimum Payment |
|---|---|---|---|
| $5,240.12 | 09/10/07 | $101.00 | $445.12 |

CHASE 🟦
Overdraft Protection Line of Credit

Amount Enclosed | $ .

**Make your check payable to Chase Card Services.**
New address or e-mail? Print on back.

7b7113101307256200044512005240120000008

8292S BEX Z 22607 C
MARK A MENAFO
118 S RIDGE TRL
FAIRPORT NY 14450-3822

CARDMEMBER SERVICE
PO BOX 15153
WILMINGTON DE 19886-5153

⑊500016028⑊ 0471013072562 0⑊

CHASE 🟦
Overdraft Protection Line of Credit

Opening/Closing Date: 07/17/07 - 08/16/07
Payment Due Date: 09/10/07
Minimum Payment Due: $445.12

**CUSTOMER SERVICE**
In U.S.          1-800-436-7927
Español          1-888-446-3308
TDD              1-800-855-8060
Pay by phone 1-800-436-7958
Outside U.S. call collect
                 1-302-594-8200

**ACCOUNT SUMMARY**

Account Number:

| | | |
|---|---|---|
| Previous Balance | $5,078.87 | |
| Purchases, Cash, Debits | +$74.00 | |
| Finance Charges | +$87.25 | |
| New Balance | $5,240.12 | |

| Total Credit Line | $5,000 |
|---|---|
| Available Credit | $0 |
| Cash Access Line | $5,000 |
| Available for Cash | $0 |

**ACCOUNT INQUIRIES**
P.O. Box 15298
Wilmington, DE 19850-5298

**PAYMENT ADDRESS**
P.O. Box 15153
Wilmington, DE 18886-5153

**VISIT US AT:**
www.chase.com/creditcards

---

**TRANSACTIONS**

| Trans Date | Reference Number | Merchant Name or Transaction Description | Amount Credit | Debit |
|---|---|---|---|---|
| 07/17 | | OVERLIMIT FEE | | $35.00 |
| 08/12 | | LATE FEE | | 39.00 |

---

**FINANCE CHARGES**

| Category | Daily Periodic Rate Corresp. | | Average Daily Balance | Finance Charge Due To Periodic Rate | Transaction Fee | Accumulated Fin Charge | FINANCE CHARGES |
|---|---|---|---|---|---|---|---|
| | 31 days in cycle | APR | | | | | |
| Purchases | .05452% | 19.90% | $108.76 | $1.84 | $0.00 | $0.00 | $1.84 |
| Cash advances | .05452% | 19.90% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Overdraft Protection | .05452% | 19.90% | $5,053.43 | $85.41 | $0.00 | $0.00 | $85.41 |
| Total finance charges | | | | | | | $87.25 |

**Effective Annual Percentage Rate (APR):** 19.90%

Please see Information About Your Account section for balance computation method, grace period, and other important information.

The Corresponding APR is the rate of interest you pay when you carry a balance on any transaction category.
The Effective APR represents your total finance charges - including transaction fees
such as cash advance and balance transfer fees - expressed as a percentage.

**This Statement is a Facsimile - Not an original**

**Statement** for account number:

| New Balance | Payment Due Date | Past Due Amount | Minimum Payment | CHASE ◘ |
|---|---|---|---|---|
| $5,404.15 | 10/11/07 | $205.00 | $717.15 | Overdraft Protection Line of Credit |

Amount Enclosed | $ | Make your check payable to Chase **Card Services.**
New address or e-mail? Print on back.

7671131013072562000717150054041500000008

94083 BEX Z 25907 C
MARK A MENAFO
118 S RIDGE TRL
FAIRPORT NY 14450-3822

CARDMEMBER SERVICE
PO BOX 15153
WILMINGTON DE 19886-5153

⑆5000160281⑆ 0471013072562 0⑈

CHASE ◘
Overdraft Protection Line of Credit

Opening/Closing Date: 08/17/07 - 09/16/07
Payment Due Date: 10/11/07
Minimum Payment Due: $717.15

**CUSTOMER SERVICE**
In U.S.        1-800-436-7927
Español       1-888-446-3308
TDD           1-800-855-8060
Pay by phone 1-800-436-7958
Outside U.S. call collect
              1-302-594-8200

### ACCOUNT SUMMARY

**Account Number:**

| Previous Balance | $5,240.12 | Total Credit Line | $5,000 |
|---|---|---|---|
| Purchases, Cash, Debits | +$74.00 | Available Credit | $0 |
| Finance Charges | +$90.03 | Cash Access Line | $5,000 |
| New Balance | $5,404.15 | Available for Cash | $0 |

**ACCOUNT INQUIRIES**
P.O. Box 15298
Wilmington, DE 19850-5298

**PAYMENT ADDRESS**
P.O. Box 15153
Wilmington, DE 19886-5153

**VISIT US AT:**
www.chase.com/creditcards

Your credit card account is past due. Please send payment immediately. Call 1-800-955-8030 (collect 1-302-594-8200) today.

### TRANSACTIONS

| Trans Date | Reference Number | Merchant Name or Transaction Description | Amount Credit | Debit |
|---|---|---|---|---|
| 08/17 | | OVERLIMIT FEE | | $35.00 |
| 09/11 | | LATE FEE | | 39.00 |

### FINANCE CHARGES

| Category | Daily Periodic Rate Corresp. 31 days in cycle | APR | Average Daily Balance | Finance Charge Due To Periodic Rate | Transaction Fee | Accumulated Fin Charge | FINANCE CHARGES |
|---|---|---|---|---|---|---|---|
| Purchases | .05452% | 19.90% | $186.48 | $3.16 | $0.00 | $0.00 | $3.16 |
| Cash advances | .05452% | 19.90% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Overdraft Protection | .05452% | 19.90% | $5,139.54 | $86.87 | $0.00 | $0.00 | $86.87 |
| Total finance charges | | | | | | | $90.03 |

**Effective Annual Percentage Rate (APR):**   19.90%

Please see Information About Your Account section for balance computation method, grace period, and other important information.

The Corresponding APR **is the rate** of interest you pay when you carry **a balance on any transaction** category.
The Effective APR represents your total finance charges - including transaction **fees**
such as cash advance and balance transfer fees - expressed as a percentage.

### IMPORTANT NEWS

Your 2007-2008 Privacy Notification is enclosed
for your record.

X 0000001 F153333S C I      000 N Z 16 07/09/16      Page 1 of 1      00225  MA MR 94083  25010000010009408301

**Statement** for account number:

| New Balance | Payment Due Date | Past Due Amount | Minimum Payment |
|---|---|---|---|
| $5,587.94 | 11/10/07 | $313.00 | $991.94 |

**CHASE** 
Overdraft Protection Line of Credit

Amount Enclosed | $ .

Make your check payable to Chase Card Services.
New address or e-mail? Print on back.

7671131013072562000991940055677940000000

11070 BEX Z 2800T C
MARK A MENAFO
118 S RIDGE TRL
FAIRPORT NY 14450-3822

CARDMEMBER SERVICE
PO BOX 15153
WILMINGTON DE 19886-5153

⑆5000160284⑆ 04710130725620⑈

**CHASE** 
Overdraft Protection Line of Credit

Opening/Closing Date:  09/17/07 - 10/16/07
Payment Due Date:  11/10/07
Minimum Payment Due:  $991.94

**CUSTOMER SERVICE**
In U.S.          1-800-436-7927
Español          1-888-446-3308
TDD              1-800-955-8060
Pay by phone 1-800-436-7958
Outside U.S. call collect
                 1-302-594-8200

**ACCOUNT SUMMARY**

Account Number:

**ACCOUNT INQUIRIES**
P.O. Box 15298
Wilmington, DE 19850-5298

**PAYMENT ADDRESS**
P.O. Box 15153
Wilmington, DE 19886-5153

**VISIT US AT:**
www.chase.com/creditcards

| | | |
|---|---|---|
| Previous Balance | $5,404.15 | |
| Purchases, Cash, Debits | +$74.00 | |
| Finance Charges | +$89.79 | |
| New Balance | $5,567.94 | |

| | |
|---|---|
| Total Credit Line | $5,000 |
| Available Credit | $0 |
| Cash Access Line | $5,000 |
| Available for Cash | $0 |

The charge privileges on your credit card account have been revoked. You no longer have the ability to use your credit card account for purchases. We can help you get back on track. Call 1-800-955-8030 (collect 1-302-594-8200) today.

**TRANSACTIONS**

| Trans Date | Reference Number | Merchant Name or Transaction Description | Amount Credit | Debit |
|---|---|---|---|---|
| 09/17 | | OVERLIMIT FEE | | $35.00 |
| 10/12 | | LATE FEE | | 39.00 |

**FINANCE CHARGES**

| Category | Daily Periodic Rate 30 days in cycle | Corresp. APR | Average Daily Balance | Finance Charge Due To Periodic Rate | Transaction Fee | Accumulated Fin Charge | FINANCE CHARGES |
|---|---|---|---|---|---|---|---|
| Purchases | .05452% | 19.90% | $263.18 | $4.31 | $0.00 | $0.00 | $4.31 |
| Cash advances | .05452% | 19.90% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Overdraft Protection | .05452% | 19.90% | $5,225.72 | $85.48 | $0.00 | $0.00 | $85.48 |
| Total finance charges | | | | | | | $89.79 |

**Effective Annual Percentage Rate (APR):**          19.90%

Please see Information About Your Account section for balance computation method, grace period, and other important information.

The Corresponding APR is the rate of interest you pay when you carry a balance on any transaction category.
The Effective APR represents your total finance charges - including transaction fees
such as cash advance and balance transfer fees - expressed as a percentage.

X 0000001 F1533335 C 1          000 N Z 18 07/10/18          Page 1 of 1          00225 MA MR 11070   28910000010001107001

**Statement** for account number:

| New Balance | Payment Due Date | Past Due Amount | Minimum Payment |
|---|---|---|---|
| $5,701.96 | 12/11/07 | $424.00 | $1,239.96 |

**CHASE** ⬦
Overdraft Protection Line of Credit

Amount Enclosed | $ . |

Make your check payable to Chase Card Services.
New address or e-mail? Print on back.

7671131013072562001239960057019b0000000

02423 8EX Z 32007 C
MARK A MENAFO
118 S RIDGE TRL
FAIRPORT NY 14450-3822

CARDMEMBER SERVICE
PO BOX 15153
WILMINGTON DE 19886-5153

⑆5000160286⑆ 0471013072562⑈

**CHASE** ⬦
Overdraft Protection Line of Credit

Opening/Closing Date:   10/17/07 - 11/16/07
Payment Due Date:                12/11/07
Minimum Payment Due:          $1,239.96

**CUSTOMER SERVICE**
In U.S.      1-800-436-7927
Español     1-888-446-3308
TDD          1-800-955-8060
Pay by phone 1-800-436-7958
Outside U.S. call collect
                    1-302-594-8200

## ACCOUNT SUMMARY

**Account Number:**

| | | | |
|---|---|---|---|
| Previous Balance | $5,567.94 | Total Credit Line | $5,000 |
| Purchases, Cash, Debits | +$39.00 | Available Credit | $0 |
| Finance Charges | +$95.02 | Cash Access Line | $5,000 |
| New Balance | $5,701.96 | Available for Cash | $0 |

**ACCOUNT INQUIRIES**
P.O. Box 15298
Wilmington, DE 19850-5298

**PAYMENT ADDRESS**
P.O. Box 15153
Wilmington, DE 19886-5153

**VISIT US AT:**
www.chase.com/creditcards

You haven't made the required payments and your credit card account is 90 days past due. As
a result, your credit bureau may be updated with a negative rating. Please send your payment
immediately or call us at 1-800-955-8030 (collect 1-302-594-8200) today.

## TRANSACTIONS

| Trans Date | Reference Number | Merchant Name or Transaction Description | Amount Credit | Debit |
|---|---|---|---|---|
| 11/11 | | LATE FEE | | $39.00 |

## FINANCE CHARGES

| Category | Daily Periodic Rate 31 days in cycle | Corresp. APR | Average Daily Balance | Finance Charge Due To Periodic Rate | Transaction Fee | Accumulated Fin Charge | FINANCE CHARGES |
|---|---|---|---|---|---|---|---|
| Purchases | .05452% | 19.90% | $307.94 | $5.21 | $0.00 | $0.00 | $5.21 |
| Cash advances | .05452% | 19.90% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Overdraft Protection | .05452% | 19.90% | $5,313.31 | $89.81 | $0.00 | $0.00 | $89.81 |
| Total finance charges | | | | | | | $95.02 |

**Effective Annual Percentage Rate (APR):**        19.90%

Please see Information About Your Account section for balance computation method, grace period, and other important information.

The Corresponding APR is the rate of interest you pay when you carry a balance on any transaction category.
The Effective APR represents your total finance charges - including transaction fees
such as cash advance and balance transfer fees - expressed as a percentage.

**Statement** for account number:

| New Balance | Payment Due Date | Past Due Amount | Minimum Payment |
|---|---|---|---|
| $5,835.08 | 01/10/08 | $538.00 | $1,489.08 |

**CHASE** ⬡
Overdraft Protection Line of Credit

Amount Enclosed | $ | . |

Make your check payable to Chase Card Services.
New address or e-mail? Print on back.

7671131013072562001489080058350800000009

30517 BEX Z 35007 C
MARK A MENAFO
118 S RIDGE TRL
FAIRPORT NY 14450-3822

CARDMEMBER SERVICE
PO BOX 15153
WILMINGTON DE 19886-5153

⑁5000160281⑁ 047101307256 20⑁

**CHASE** ⬡
Overdraft Protection Line of Credit

Opening/Closing Date: 11/17/07 - 12/16/07
Payment Due Date: 01/10/08
Minimum Payment Due: $1,489.08

**CUSTOMER SERVICE**
In U.S.          1-800-436-7927
Español       1-888-446-3308
TDD            1-800-955-8060
Pay by phone 1-800-436-7958
Outside U.S. call collect
                   1-302-594-8200

### ACCOUNT SUMMARY

**Account Number:**

| Previous Balance | $5,701.96 |
|---|---|
| Purchases, Cash, Debits | +$39.00 |
| Finance Charges | +$94.12 |
| **New Balance** | **$5,835.08** |

| Total Credit Line | $5,000 |
|---|---|
| Available Credit | $0 |
| Cash Access Line | $5,000 |
| Available for Cash | $0 |

**ACCOUNT INQUIRIES**
P.O. Box 15298
Wilmington, DE 19850-5298

**PAYMENT ADDRESS**
P.O. Box 15153
Wilmington, DE 19886-5153

**VISIT US AT:**
www.chase.com/creditcards

It's not too late to resolve the outstanding balance on your credit card account. We have a variety of payment options that may be right for you. Call 1-888-792-7547 (collect 1-302-594-8200) today.

### TRANSACTIONS

| Trans Date | Reference Number | Merchant Name or Transaction Description | Amount Credit | Debit |
|---|---|---|---|---|
| 12/12 | | LATE FEE | | $39.00 |

### FINANCE CHARGES

| Category | Daily Periodic Rate 30 days in cycle | Corresp. APR | Average Daily Balance | Finance Charge Due To Periodic Rate | Transaction Fee | Accumulated Fin Charge | FINANCE CHARGES |
|---|---|---|---|---|---|---|---|
| Purchases | .05452% | 19.90% | $351.37 | $5.75 | $0.00 | $0.00 | $5.75 |
| Cash advances | .05452% | 19.90% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Overdraft Protection | .05452% | 19.90% | $5,402.41 | $88.37 | $0.00 | $0.00 | $88.37 |
| **Total finance charges** | | | | | | | **$94.12** |

**Effective Annual Percentage Rate (APR):**   19.90%

Please see Information About Your Account section for balance computation method, grace period, and other important information.

The Corresponding APR is the rate of interest you pay when you carry a balance on any transaction category.
The Effective APR represents your total finance charges - including transaction fees such as cash advance and balance transfer fees - expressed as a percentage.

**This Statement is a Facsimile - Not an original**

**Statement for account number**

| New Balance | Payment Due Date | Past Due Amount | Minimum Payment | CHASE ◯ |
|---|---|---|---|---|
| $5,973.64 | 02/10/08 | $654.00 | $1,746.64 | Overdraft Protection Line of Credit |

Amount Enclosed | $ . |

Make your check payable to Chase Card Services.
New address or e-mail? Print on back.

7671131013072562001746640059736400000006

05213 BEX Z 0160B C
MARK A MENAFO
118 S RIDGE TRL
FAIRPORT NY 14450-3822

CARDMEMBER SERVICE
PO BOX 15153
WILMINGTON DE 19886-5153

⑊5000 160 28⑊ 0471013072562 0⑊

CHASE ◯
Overdraft Protection Line of Credit

Opening/Closing Date:
Payment Due Date:
Minimum Payment Due:

12/17/07 - 01/16/08
02/10/08
$1,746 64

**CUSTOMER SERVICE**
In U.S.            1-800-436-7927
Español         1-888-446-3308
TDD             1-800-955-8060
Pay by phone 1-800-436-7958
Outside U.S. call collect
                    1-302-594-8200

## ACCOUNT SUMMARY

**Account Number:**

| | | |
|---|---|---|
| Previous Balance | $5,835.08 | |
| Purchases, Cash, Debits | +$39.00 | |
| Finance Charges | +$99.56 | |
| New Balance | $5,973.64 | |

| | | |
|---|---|---|
| Total Credit Line | Available Credit | $5,000 |
| | | $0 |
| Cash Access Line | | $5,000 |
| Available for Cash | | $0 |

**ACCOUNT INQUIRIES**
P.O. Box 15298
Wilmington, DE 19850-5298

**PAYMENT ADDRESS**
P.O. Box 15153
Wilmington, DE 19886-5153

**VISIT US AT:**
www.chase.com/creditcards

You haven't made the required payments and your credit card account is 150 days past due.
You can still turn things around. Call us today at 1-888-792-7547 (collect 1-302-594-8200) so
that we can find a solution for your situation.

## TRANSACTIONS

| Trans Date | Reference Number | Merchant Name or Transaction Description | Amount Credit | Debit |
|---|---|---|---|---|
| 01/11 | | LATE FEE | | $39.00 |

## FINANCE CHARGES

| Category | Daily Periodic Rate 31 days in cycle | Corresp. APR | Average Daily Balance | Finance Charge Due To Periodic Rate | Transaction Fee | Accumulated Fin Charge | FINANCE CHARGES |
|---|---|---|---|---|---|---|---|
| Purchases | .05452% | 19.90% | $397.63 | $6.72 | $0.00 | $0.00 | $6.72 |
| Cash advances | .05452% | 19.90% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Overdraft Protection | .05452% | 19.90% | $5,492.95 | $92.84 | $0.00 | $0.00 | $92.84 |
| Total finance charges | | | | | | | $99.56 |

**Effective Annual Percentage Rate (APR):**        19.90%

Please see Information About Your Account section for balance computation method, grace period, and other important information.

The Corresponding APR is the rate of interest you pay when you carry a balance on any transaction category.
The Effective APR represents your total finance charges - including transaction fees
such as cash advance and balance transfer fees - expressed as a percentage.

**Statement** for account number

| New Balance | Payment Due Date | Past Due Amount | Minimum Payment |
|---|---|---|---|
| $6,114.56 | 03/12/08 | $773.00 | $2,009.56 |

**CHASE 〇**
Overdraft Protection Line of Credit

Amount Enclosed | $ .

Make your check payable to **Chase Card Services.**
New address or e-mail? Print on back.

7671131013072562002009560061145600000003

87206 BEX 2 04708 C
**MARK A MENAFO**
118 S RIDGE TRL
FAIRPORT NY 14450-3822

**CARDMEMBER** SERVICE
PO BOX 15153
WILMINGTON DE 19886-5153

1:5000160281: 047101307256201"

**CHASE 〇**
Overdraft Protection Line of Credit

| | |
|---|---|
| Opening/Closing Date: | 01/17/08 - 02/16/08 |
| Payment Due Date: | 03/12/08 |
| Minimum Payment Due: | $2,009.56 |

**CUSTOMER SERVICE**
In U.S.            1-800-436-7927
Español         1-888-446-3308
TDD             1-800-955-8060
Pay by phone 1-800-438-7958
Outside U.S. call collect
                   1-302-594-8200

### ACCOUNT SUMMARY

**Account Number:**

| | |
|---|---|
| Previous Balance | $5,973.64 |
| Purchases, Cash, Debits | +$39.00 |
| Finance Charges | +$101.92 |
| New Balance | $6,114.56 |

| | |
|---|---|
| **Total Credit Line** | $5,000 |
| Available Credit | $0 |
| Cash Access Line | $5,000 |
| Available for Cash | $0 |

**ACCOUNT INQUIRIES**
P.O. Box 15298
Wilmington, DE 19850-5298

**PAYMENT ADDRESS**
P.O. Box 15153
Wilmington, DE 19886-5153

**VISIT US AT:**
www.chase.com/creditcards

The outstanding balance on your credit card account is scheduled to be written off as a bad debt shortly. As a result, your credit bureau will be updated with a negative rating that could last for up to seven years. We can still help, but you need to call us now at 1-888-792-7547 (collect 1-302-594-8200).

### TRANSACTIONS

| Trans Date | Reference Number | Merchant Name or Transaction Description | Amount Credit | Debit |
|---|---|---|---|---|
| 02/11 | | LATE FEE | | $39.00 |

### FINANCE CHARGES

| Category | Daily Periodic Rate Corresp. 31 days in cycle | APR | Average Daily Balance | Finance Charge Due To Periodic Rate | Transaction Fee | Accumulated Fin Charge | FINANCE CHARGES |
|---|---|---|---|---|---|---|---|
| Purchases | .05452% | 19.90% | $443.73 | $7.50 | $0.00 | $0.00 | $7.50 |
| Cash advances | .05452% | 19.90% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Overdraft Protection | .05452% | 19.90% | $5,588.55 | $94.42 | $0.00 | $0.00 | $94.42 |
| Total finance charges | | | | | | | $101.92 |

**Effective Annual Percentage Rate (APR):**     19.90%

Please see Information About Your Account section for balance computation method, grace period, and other important information.

The Corresponding APR is the rate of interest you pay when you carry a balance on any transaction category.
The Effective APR represents your total finance charges - including transaction fees
such as cash advance and balance transfer fees - expressed as a percentage.

# EXHIBIT D

CMA15075

# Cardmember Agreement

### ACCEPTANCE OF THIS AGREEMENT

This agreement governs your credit card account with us referenced on the card carrier containing the card for this account. Any use of your account is covered by this agreement. Please read the entire agreement and keep it for your records. You authorize us to pay for and charge your account for all transactions made on your account. You promise to pay us for all transactions made on your account, as well as any fees or finance charges. If this is a joint account, each of you, together and individually, is responsible for paying all amounts owed, even if the account is used by only one of you. We may require that you pay the full amount owed without first asking the other person(s) to pay.

Please sign the back of your card when you receive it. You will be bound by this agreement if you or anyone authorized by you use your account for any purpose, even if you don't sign your card. Whether you use your account or not, you will be bound by this agreement unless you cancel your account within 30 days after receiving your card and you have not used your account for any purpose.

Throughout this agreement, the words "we", "us" and "our" mean Chase Bank USA, N.A., the issuer of your credit card and account. The words "you", "your" and "yours" mean all persons responsible for complying with this agreement, including the person who applied for the account and the person to whom we address billing statements, as well as any person who agrees to be liable on the account. The word "card" means one or more cards or other access devices, such as account numbers, that we have issued to permit you to obtain credit under this agreement.

### USING YOUR ACCOUNT

Your account is a consumer account and shall be used only for personal, family or household purposes. Unless we agree or it is required by law, we will not be responsible for merchandise or services purchased or leased through use of your account. You promise to use your account only for valid and lawful transactions. For example, Internet gambling may be illegal in some places. It is not our responsibility to make sure that you use your account only for permissible transactions, and you will remain responsible for paying for a transaction even if it is not permissible or contemplated under this agreement.

**Types of Transactions:**

* **Purchases:** You may use your card to pay for goods or services.
* **Checks:** We may provide you cash advance checks or balance transfer checks as a way to use your account. We also refer to them in this agreement as a check or checks. You may use a check to pay for goods or services, to transfer balances to your account, or for other uses we allow. But you may not use these checks to transfer balances to this account from other accounts with us or any of our related companies. Only the person whose name is printed on the check may sign the check. Cash advance checks are treated as cash advances and balance transfer checks are treated as balance transfers except as noted in this agreement or any offer we make to you. We may treat checks that we call convenience checks as balance transfer checks. However, checks that we call convenience checks and that we indicated to you are subject to the terms for cash advances, may be treated as cash advances and assessed cash advance rates and fees.
* **Balance Transfers:** You may transfer balances from other accounts or loans with other credit card issuers or other lenders to this account, or other balance transfers we allow. But you may not transfer balances to this account from other accounts with us or any of our related companies. If a portion of a requested balance transfer will exceed your available credit line, we may process a partial balance transfer up to your available credit line.
* **Cash Advances:** You may use your card to get cash from automatic teller machines, or from financial institutions accepting the card; or to obtain travelers checks, foreign currency, money orders, wire transfers or similar cash-like charges; or to obtain lottery tickets, casino gaming chips, race track wagers or for similar betting transactions. You may also use a third party service to make a payment on your behalf and bill the payment to this account.
* **Overdraft Advances:** If you have an eligible checking account with one of our related banks, you may link this account to your checking account and our related bank to cover an overdraft on that checking account under the terms of this agreement and your checking account agreement.

**Billing Cycle:** In order to manage your account, we divide time into periods called "billing cycles". Each billing cycle is approximately one month in length. For each calendar month, your account will have a billing cycle that ends in that month. Your account will have a billing cycle ending in each calendar month whether or not there is a billing statement for that billing cycle.

**Authorized Users:** If you allow someone to use your account, that person will be an authorized user. You may request an additional card for use by an authorized user on your account. If you do so, this account may appear on the credit report of that authorized user. You should think carefully before allowing anyone to become an authorized user because you are allowing that person to use the account as you can. You will remain responsible for the use of your account and each card issued on your account according to the terms of this agreement. This includes your responsibility for paying all charges on your account made by an authorized user.

You must notify us to terminate an authorized user's permission to use your account. If you notify us, we may close the account and/or issue a new card or cards with a different account number. You should also recover and destroy any cards, checks or any other means of access to your account from that authorized user.

**Credit Line:** Your credit line appears on your billing statements. We may also refer to the credit line as a credit limit. Your billing statement may also show that only a portion of your credit line may be used for cash advances. Cash advances, including cash advance checks, are charged against the cash advance portion of your credit line, and all other transactions are charged against your credit line. You are responsible for keeping track

of your account balance, including any fees and finance charges, and making sure it remains below your credit line. If your account balance is over your credit line for any reason, we may charge you an overlimit fee as described in this agreement. We may, but are not required to, authorize charges that go over your credit line. You must pay any amount over your credit line, and you must pay us immediately if we ask you to. This agreement applies to any balance on your account, including any balance over your credit line.

At our discretion, we may increase, reduce, or cancel your credit line, or the cash advance portion of your credit line, at any time. However, if you have asked us not to do so, we will not increase your credit line. A change to your credit line will not affect your obligation to pay us.

**International Transactions:** International transactions include any transaction that you make in a foreign currency or that you make outside of the United States of America even if it is made in U.S. dollars. If you make a transaction in a foreign currency, Visa International or MasterCard International, Inc., will convert the transaction into U.S. dollars by using its respective currency conversion procedures. The exchange rate each entity uses to convert currency is a rate that it selects either from the range of rates available in the wholesale currency markets for the applicable processing date (which rate may vary from the rate the respective entity itself receives), or the government-mandated rate in effect on the applicable processing date. The rate in effect on the applicable processing date may differ from the rate on the date you used your card or account. We reserve the right to charge you an additional 3% of the U.S. dollar amount of any international transaction, whether that transaction was originally made in U.S. dollars or was made in another currency and converted to U.S. dollars by Visa or MasterCard. In either case, the 3% will be calculated on the U.S. dollar amount provided to us by that entity. The same process and charges may apply if any international transaction is reversed.

**Refusal to Authorize Transactions:** We may, but are not required to, decline a transaction on your account for any of the following reasons:

* because of operational considerations,
* because your account is in default,
* if we suspect fraudulent or unlawful activity or,
* in our discretion, for any other reason.

We are not responsible for any losses if a transaction on your account is declined for any reason, either by us or a third party, even if you have sufficient credit available.

For online transactions, we may require that you register your account with an authorization system that we select. We will notify you if we want you to register. If you do not register, we may decline your online transactions.

**Refusal to Pay Checks:** Each check you write is your request for funds. When we receive a check for payment, we may review your account to decide whether to authorize that check. We may, but are not required to, reject and return unpaid a check for any reason, including the following examples:

* We or one of our related companies is the payee on the check.
* Your credit line or cash advance portion of your credit line has been exceeded, or would be exceeded if we paid the check.
* The check is post-dated. If a post-dated check is paid, resulting in another check being returned or not paid, we are not responsible.
* You have used the check after the date specified on it.
* You are in default or would be if we paid the check.

**Lost or Stolen Cards, Checks or Account Numbers:** If any card, check, account number or other means to access your account is lost or stolen, or you think someone used or may use them without your permission, you must notify us at once by calling the Cardmember Service telephone number shown on your card or billing statement. Do not use your account after you notify us, even if your card, check, account number or other means to access your account is found or returned. We may terminate or suspend your credit privileges when you notify us of any loss, theft or unauthorized use related to your account.

You may be liable if there is unauthorized use of your account from which you receive no benefit, but you will not be liable for more than $50.00 of such transactions, and you will not be liable for any such transactions made after you notify us of the loss, theft or unauthorized use. However, you must identify for us the unauthorized charges from which you received no benefit.

We may require you to provide us information in writing to help us find out what happened. We may also require you to comply with certain procedures in connection with our investigation.

### PAYMENTS

**Payment Instructions:** Your billing statement and accompanying envelope include instructions you must follow for making payments and sets forth the date and time by which we must receive the payment.

You agree to pay us amounts you owe in U.S. dollars drawn on funds on deposit in a U.S. financial institution or the U.S. branch of a foreign financial institution using a payment check, money order or automatic debit that will be processed or honored by your financial institution. We will not accept cash payments. Your total available credit may not be restored for up to 15 days after we receive your payment.

Any payment check or other form of payment which you send to us for less than the full balance that is marked 'paid in full' or with a similar notation or that you otherwise tender in full satisfaction of a disputed amount (conditional payments), must be sent to us at the conditional payments address listed on your monthly statement. We reserve all our rights regarding such payments. For example, if it is determined there is no valid dispute or if any such payment is received at any other address, we may accept the payment and you will still owe any remaining balance. We may refuse to accept any such payment by returning it to you, not cashing it or by destroying it. All other payments that you make should be sent to the regular payment address shown on your monthly statements.

We reserve the right to electronically collect your eligible payment checks, at first presentment and any representment, from the bank account on which the check is drawn. Our receipt of your payment checks is your authorization for us to collect the amount of the check electronically, or, if needed, by a draft drawn against the bank account. Payment checks will be collected electronically by sending the check amount along with the check, routing and account numbers to your bank. Your bank account may be debited as early as the same day we receive your payment. The original payment check will be destroyed and an image will be maintained in our records.

**Minimum Payment:** You agree to pay at least the minimum payment due, as shown on your billing statement, so that we receive it by the date and time payment is due. You may pay more than the minimum payment due and may pay the full amount you owe us at any time. If you have a balance that is subject to finance charges, the sooner you pay us, the less you will pay in finance charges because finance charges accrue on your balance each day.

Your billing statement shows your beginning balance and your ending balance (the "New Balance" on your billing statement). If the New Balance is $10.00 or less, your minimum payment due will be the New Balance. Otherwise, it will be the largest of the following: $10.00; 2% of the New Balance; or the sum of 1% of the New Balance, total billed periodic rate finance charges, and any billed late and overlimit fees. As part of the minimum payment due, we also add any amount past due and any amount over your credit line.

**Payment Allocation:** You agree that we are authorized to allocate your payments and credits in a way that is most favorable to or convenient for us. For example, you authorize us to apply your payments and credits to balances with lower APRs (such as promotional APRs) before balances with higher APRs.

**Credit Balances:** You may request a refund of a credit balance at any time. We may reduce the amount of any credit balance by the amount of new charges or fees billed to your account.

**Automatic Charges:** You may authorize a third party to automatically charge your account for repeat transactions (for example, monthly utility charges, memberships and insurance premiums). If automatic charges are stopped for any reason (including because your account is closed or suspended for any reason) or your account number changes, you are responsible for notifying the biller and paying these charges directly. If your account number changes, we may, but are not required to, pay from your new account number charges that you authorized to be billed to your old account number.

**Promotions:** From time to time we may offer special terms for your account. If we do, we will notify you about the terms of the offer and how long they will be in effect. Any promotion is subject to the terms of this agreement, as modified by the promotional offer.

### FINANCE CHARGES

**Daily Periodic Rates and Annual Percentage Rates:** Your annual percentage rates ("APRs") and the corresponding daily periodic rates are listed on the Rates and Fees Table that is at the end of this document or provided separately. To get the daily periodic rate we divide the APR by 365, and in effect always round up at the fifth place to the right of the decimal point.

**Variable Rates:** One or more APRs that apply to your account may vary with changes to the Prime Rate. When you have an APR that varies with changes to the Prime Rate, we calculate the APR by adding a margin to the Prime Rate published in *The Wall Street Journal* two business days before the Closing Date shown on your billing statement. The "Prime Rate" is the highest (U.S.) Prime Rate published in the Money Rates section of *The Wall Street Journal*. If *The Wall Street Journal* stops publishing the Prime Rate, we will select a similar reference rate and inform you on your billing statement or through a separate notice.

A "margin" is the percentage we add to the Prime Rate to calculate the APR. A "business day" is any day that is not a weekend or federal holiday. The Rates and Fees Table shows which rates, if any, are variable rates. It also lists the margin for each variable rate and any minimum daily periodic rate and corresponding APR.

Two business days before the Closing Date shown on your billing statement, we see what the Prime Rate is. We then add the applicable margin to that Prime Rate to get the APR. The daily periodic rate is calculated as described above.

If our calculation results in a change to a daily periodic rate from the previous billing cycle because the Prime Rate has changed, the new rate will apply as of the first day of your billing cycle that ends in the calendar month in which we made the calculation. If the daily periodic rate increases, you will have to pay a higher periodic finance charge and may have to pay a higher minimum payment.

**Default Rates:** Your APRs also may vary if you are in default under this agreement or any other agreement you have with us or any of our related companies for any of the following reasons:
- We do not receive, for any payment that is owed on this account or any other account or loan with us, at least the minimum payment due by the date and time due.
- You exceed your credit line on this account.
- You make a payment to us that is not honored by your bank.

If any of those events occurs, we may increase the APRs (including any promotional APR) on all balances (excluding overdraft advances) up to a maximum of the default rate stated in the Rates and Fees Table. We may consider the following factors to determine your default rate: the length of time your account has been open, the existence, seriousness and timing of the defaults on your account; other indications of your account usage and performance; information about your other relationships with us or any of our related companies; and information we obtain from consumer credit reports obtained from credit bureaus. The default rate will take effect as of the first day of the billing cycle in which the default occurs.

If we decide not to increase your APR, even though there is a default or if we do not increase your APR up to the maximum default rate stated in the Rates and Fees Table, we reserve our right to increase your APR in the event of any future default. We may in our discretion determine to charge reduced default rates or reinstate standard rates for all or selected balances on your account.

**Finance Charge Calculation — Average Daily Balance Method (Including New Transactions):** We calculate periodic finance charges seperately for each balance associated with a different category of transactions (for example, purchases, balance transfers, balance transfer checks, cash advances, cash advance checks, overdraft advances, and cash promotion). These calculations may combine different categories with the same daily periodic rates. This is how it works:

We calculate periodic finance charges for purchases, balance transfers, balance transfer checks, cash advances, cash advance checks, and overdraft advances by multiplying the daily balance for each of those categories by the daily periodic rate for each of those categories, each day. You may have overdraft advances only if you have linked this account to a checking account with one of our related banks. We calculate the periodic finance charges for purchases, balance transfers, balance transfer checks, cash advances, and cash advance checks subject to a promotional rate the same way, but we use the promotional rate.

To get the daily balance for each day for each category:
- We take the beginning balance for that day.
- We add to that balance any new transactions, fees, other charges, and debit adjustments that apply to that category. We add a new purchase, cash advance, balance transfer or overdraft advance, if applicable, to the daily balance as of the transaction date, or a later date of our choice. We add a new cash advance check or balance transfer check to the daily balance as of the date the cash advance check or balance transfer check is deposited by a payee, or a later date of our choice.
- We subtract from that balance any payments, credits, or credit adjustments that apply to that category and that are credited as of that day.
- We treat a credit balance as a balance of zero.

To get the beginning balance for each category for the next day, we add the daily periodic finance charge to the daily balance. If more than one daily periodic rate could apply to a category because the rate for the category may vary based on the amount of its average daily balance, we will use the daily periodic rate that applies for the average daily balance amount at the end of the billing cycle to calculate the daily periodic finance charge each day. This agreement provides for daily compounding of finance charges.

To get the total periodic finance charge for the billing cycle, we add all of the daily periodic finance charges for each category for each day during that billing cycle. However, if any periodic finance charge is due, we will charge you at least the minimum periodic finance charge stated in the Rates and Fees Table. If it is necessary to add an additional amount to reach the minimum finance charge, we add that amount to the balance for purchases made during the billing cycle.

The total finance charge on your account for a billing cycle will be the sum of the periodic finance charges plus any transaction fee finance charges.

For each category we calculate an average daily balance (including new transactions) for the billing cycle by adding all your daily balances and dividing that amount by the number of days in the billing cycle. If you multiply the average daily balance for a category by the applicable daily periodic rate, and multiply the result by the number of days in the billing cycle, the total will equal the periodic finance charges for that balance attributable to that billing cycle, except for minor variations due to rounding.

**Grace Period and Accrual of Finance Charges:** We accrue periodic finance charges on a transaction, fee, or finance charge from the date it is added to your daily balance until payment in full is received on your account. However, we do not charge periodic finance charges on new purchases billed during a billing cycle if we receive payment of your New Balance by the date and time your minimum payment is due and we received payment of your New Balance on your previous billing statement by the date and time your payment was due. This exception or "grace period" applies only to purchases and does not apply to balance transfers, balance transfer checks, cash advances, cash advance checks or overdraft advances, if applicable.

**Transaction Fees for Cash Advances:** We may charge you a cash advance fee in the amount stated in the Rates and Fees Table for cash advance checks and cash advances.

In addition, if you use a third party service to make a payment on your behalf and the service charges the payment to this account, we may charge a transaction fee for the payment.

These transaction fees are finance charges. We add the fee to the balance for the related category as of the transaction date of the cash advance. For example, a transaction fee for a cash advance would be added to your cash advance balance.

**Transaction Fees for Balance Transfers:** We may charge you a balance transfer fee in the amount stated in the Rates and Fees Table for balance transfer checks and balance transfers.

These transaction fees are finance charges. We add the fee to the balance for the related category as of the transaction date of the balance transfer. For example, a transaction fee for a balance transfer would be added to your balance transfer balance.

### OTHER FEES AND CHARGES

We may charge the following fees. The amounts of these fees are listed in the Rates and Fees Table. These fees will be added to the balance for purchases made during the billing cycle.

**Annual Membership Fee:** If your account has an annual membership fee, it will be billed each year or in monthly installments (as stated in the Rates and Fees Table), whether or not you use your account, and you agree to pay it when billed. The annual

membership fee is non-refundable unless you notify us that you wish to close your account within 30 days of the date we mail your billing statement on which the annual membership fee is charged and at the same time, you pay your outstanding balance in full. Your payment of the annual membership fee does not affect our right to close your account or limit your right to make transactions on your account. If your account is closed by you or us, we will continue to charge the annual membership fee until you pay your outstanding balance in full and terminate your account relationship.

**Late Fee:** If we do not receive at least the required minimum payment by the date and time it is due as shown on your billing statement for any billing cycle, we may charge the late fee shown in the Rates and Fees Table. If the late fee is based on a balance, we calculate the late fee using the Previous Balance on the current month's statement that shows the late fee. This balance is the same as the New Balance shown on the prior month's statement for which we did not receive at least the required minimum payment by the date and time it was due.

**Overlimit Fee:** If your account balance is over your credit line at any time during a billing cycle, even if only for a day, we may charge an overlimit fee. We may charge this fee even if your balance is over the credit line because of a finance charge or fee we imposed or a transaction we authorized. We will not charge more than one overlimit fee for any billing cycle. But we may charge an overlimit fee in subsequent billing cycles, even if no new transactions are made on your account, if your account balance still is over your credit line at any time during the subsequent billing cycles.

**Return Payment Fee:** If (a) your payment check or similar instrument is not honored, (b) an automatic debit or other electronic payment is returned unpaid, or (c) we must return a payment check because it is not signed or cannot be processed, we may charge a return payment fee.

**Return Check Fee:** If (a) we stop payment on a cash advance check or balance transfer check at your request, or (b) we refuse to pay a cash advance check or balance transfer check, we may charge a return check fee.

**Administrative Fees:** If you request a copy of a billing statement, sales draft or other record of your account or if you request two or more cards or any special services (for example, obtaining cards on an expedited basis), we may charge you for these services. However, we will not charge you for copies of billing statements, sales drafts or similar documents that you request for a billing dispute you may assert against us under applicable law. We may charge, for any services listed above and other services we provide, the fees from time to time in effect when we offer the service.

**DEFAULT/COLLECTION**

We may consider you to be in default if any of these occurs:

- We do not receive at least the minimum amount due by the date and time due as shown on your billing statement.
- You exceed your credit line.
- You fail to comply with the terms of this agreement or any agreement with one of our related companies.
- We obtain information that causes us to believe that you may be unwilling or unable to pay your debts to us or to others on time.
- You file for bankruptcy.
- You become incapacitated or in the event of your death.

If we consider your account to be in default, we may close your account without notice and require you to pay your unpaid balance immediately. We also may require you to pay interest at the rate of two percent (2%) a month on the unpaid balance when we deem your account to be six or more billing cycles past due.

To the extent permitted by law, if you are in default because you have failed to pay us, you will pay our collection costs, attorneys' fees, court costs, and all other expenses of enforcing our rights under this agreement.

**CLOSING YOUR ACCOUNT**

You may close your account at any time. If you call us to close your account, we may require that you confirm your request in writing.

We may close your account at any time or suspend your credit privileges at any time for any reason without prior notice except as required by applicable law. If we close your account, we will not be liable to you for any consequences resulting from closing your account or suspending your credit privileges.

If you or we close your account, you and any authorized users must immediately stop using your account and destroy all cards, checks or other means to access your account or return them to us upon request. You will continue to be responsible for charges to your account, even if they are made or processed after your account is closed and you will be required to pay the outstanding balance on your account according to the terms of this agreement. In addition, to the extent allowed by law, we may require you to pay the outstanding balance immediately or at any time after your account is closed.

**ARBITRATION AGREEMENT**

PLEASE READ THIS AGREEMENT CAREFULLY. IT PROVIDES THAT ANY DISPUTE MAY BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT. YOU WILL NOT BE ABLE TO BRING A CLASS ACTION OR OTHER REPRESENTATIVE ACTION IN COURT SUCH AS THAT IN THE FORM OF A PRIVATE ATTORNEY GENERAL ACTION, NOR WILL YOU BE ABLE TO BRING ANY CLAIM IN ARBITRATION AS A CLASS ACTION OR OTHER REPRESENTATIVE ACTION. YOU WILL NOT BE ABLE TO BE PART OF ANY CLASS ACTION OR OTHER REPRESENTATIVE ACTION BROUGHT BY ANYONE ELSE, OR BE REPRESENTED IN A CLASS ACTION OR OTHER REPRESENTATIVE ACTION. IN THE ABSENCE OF THIS ARBITRATION AGREEMENT, YOU AND WE MAY OTHERWISE HAVE HAD A RIGHT OR OPPORTUNITY TO BRING CLAIMS IN A COURT, BEFORE A JUDGE OR JURY, AND/OR TO PARTICIPATE OR BE REPRESENTED IN A CASE FILED IN COURT BY OTHERS (INCLUDING CLASS ACTIONS AND OTHER REPRESENTATIVE ACTIONS). OTHER RIGHTS THAT YOU WOULD HAVE IF YOU WENT TO A COURT, SUCH AS DISCOVERY OR THE RIGHT TO APPEAL THE DECISION MAY BE MORE LIMITED. EXCEPT AS OTHERWISE PROVIDED BELOW, THOSE RIGHTS ARE WAIVED.

**Binding Arbitration.** This Arbitration Agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by and be enforceable under the Federal Arbitration Act (the "FAA"), 9 U.S.C. §1-16 as it may be amended. This Arbitration Agreement sets forth the circumstances and procedures under which claims (as defined below) may be resolved by arbitration instead of being litigated in court.

**Parties Covered.** For the purposes of this Arbitration Agreement, "we", "us", and "our" also includes our parent, subsidiaries, affiliates, licensees, predecessors, successors, assigns, any purchaser of your Account, and all of their officers, directors, employees, agents, and assigns or any and all of them. Additionally, "we", "us" and "our" shall include any third party providing benefits, services, or products in connection with the Account (including but not limited to credit bureaus, merchants that accept any credit device issued under the Account, rewards programs and enrollment services, credit insurance companies, debt collectors, and all of their officers, directors, employees, agents and representatives) if, and only if, such a third party is named by you as a co-defendant in any Claim you assert against us.

**Claims Covered.** Either you or we may, without the other's consent, elect mandatory, binding arbitration of any claim, dispute or controversy by either you or us against the other, or against the employees, parents, subsidiaries, affiliates, beneficiaries, agents or assigns of the other, arising from or relating in any way to the Cardmember Agreement, any prior Cardmember Agreement, your credit card Account or the advertising, application or approval of your Account ("Claim"). This Arbitration Agreement governs all Claims, whether such Claims are based on law, statute, contract, regulation, ordinance, tort, common law, constitutional provision, or any legal theory of law such as respondeat superior, or any other legal or equitable ground and whether such Claims seek as remedies money damages, penalties, injunctions, or declaratory or equitable relief. Claims subject to this Arbitration Agreement include Claims regarding the applicability of this Arbitration Agreement or the validity of the entire Cardmember Agreement or any prior Cardmember Agreement. This Arbitration Agreement includes Claims that arose in the past, or arise in the present or the future. As used in this Arbitration Agreement, the term Claim is to be given the broadest possible meaning.

Claims subject to arbitration include Claims that are made as counterclaims, cross claims, third party claims, interpleaders or otherwise, and a party who initiates a proceeding in court may elect arbitration with respect to any such Claims advanced in the lawsuit by any party or parties.

As an exception to this Arbitration Agreement, you retain the right to pursue in a small claims court any Claim that is within that court's jurisdiction and proceeds on an individual basis. If a party elects to arbitrate a Claim, the arbitration will be conducted as an individual action. Neither you nor we agree to any arbitration on a class or representative basis, and the arbitrator shall have no authority to proceed on such basis. This means that even if a class action lawsuit or other representative action, such as that in the form of a private attorney general action, is filed, any Claim between us related to the issues raised in such lawsuits will be subject to an individual arbitration claim if either you or we so elect.

No arbitration will be consolidated with any other arbitration proceeding without the consent of all parties. The only Claims that may be joined in an individual action under this Arbitration Agreement are (1) those brought by us against you and any co-applicant, joint cardmember, or authorized user of your Account, or your heirs or your trustee in bankruptcy or (2) those brought by you and any co-applicant, joint cardmember, or authorized user of your Account, or your heirs or your trustee in bankruptcy against us.

**Initiation of Arbitration.** The party filing a Claim in arbitration must choose one of the following two arbitration administrators: American Arbitration Association; or National Arbitration Forum. These administrators are independent from us. The administrator does not conduct the arbitration. Arbitration is conducted under the rules of the selected arbitration administrator by an impartial third party chosen in accordance with the rules of the selected arbitration administrator and as may be provided in this Arbitration Agreement. Any arbitration hearing that you attend shall be held at a place chosen by the arbitrator or arbitration administrator within the federal judicial district in which you reside at the time the Claim is filed, or at some other place to which you and we agree in writing. You may obtain copies of the current rules of each of the two arbitration administrators, information about arbitration and arbitration fees, and instructions for initiating arbitration by contacting the arbitration administrators as follows:

American Arbitration Association, 335 Madison Avenue, Floor 10, New York, NY 10017-4605, Web site: www.adr.org, 800-778-7879; or

National Arbitration Forum, P.O. Box 50191, Minneapolis, MN 55405, Web site: www.arbitration-forum.com, 800-474-2371.

Procedures and law applicable in arbitration. A single, neutral arbitrator will resolve Claims. The arbitrator will either be a lawyer with at least ten years experience or a retired or former judge. The arbitration will be conducted under the applicable procedures and rules of the arbitration administrator that are in effect on the date the arbitration is filed unless those procedures and rules are inconsistent with this Arbitration Agreement, in which case this Agreement will prevail. These procedures and rules may limit the amount of discovery available to you or us. The arbitrator will apply applicable substantive law consistent with the FAA and applicable statutes of limitations, and will honor claims of privilege recognized at law. You may choose to have a hearing and be represented by counsel. The arbitrator will take reasonable steps to protect customer Account information and other confidential information, including the use of protective orders to prohibit disclosure outside the arbitration, if requested to do so by you or us. The arbitrator will have the power to award to a party any damages or other relief provided for under applicable law, and will not have the power to award relief to, against, or for the benefit of any person who is not a party to the proceeding. If the law authorizes such relief, the arbitrator may award punitive damages or attorney fees. The arbitrator will make any award in writing but need not provide a statement of reasons unless requested by a party. Upon a request by you or us, the arbitrator will provide a brief statement of the reasons for the award.

Costs. We will reimburse you for the initial arbitration filing fee paid by you up to the amount of $500 upon receipt of proof of payment. Additionally, if there is a hearing, we

will pay any fees of the arbitrator and arbitration administrator for the first two days of that hearing. The payment of any such hearing fees by us will be made directly to the arbitration administrator selected by you or us pursuant to this Arbitration Agreement. All other fees will be allocated in keeping with the rules of the arbitration administrator and applicable law. However, we will advance or reimburse filing fees and other fees if the arbitration administrator or arbitrator determines there is good reason for requiring us to do so or you ask us and we determine there is good cause for doing so. Each party will bear the expense of the fees and costs of that party's attorneys, experts, witnesses, documents and other expenses, regardless of which party prevails, for arbitration and any appeal (as permitted below), except that the arbitrator shall apply any applicable law in determining whether a party should recover any or all fees and costs from another party.

**Enforcement, finality,** appeals. Failure or any delay in enforcing this Arbitration Agreement at any time, or in connection with any particular Claims, will not constitute a waiver of any rights to require arbitration at a later time or in connection with any other Claims. Any decision rendered in such arbitration proceeding will be final and binding on the parties, unless a party appeals in writing to the arbitration organization within 30 days of issuance of the award. The appeal must request a new arbitration before a panel of three neutral arbitrators designated by the same arbitration organization. The panel will reconsider all factual and legal issues anew, follow the same rules that apply to a proceeding using a single arbitrator, and make decisions based on the vote of the majority. Each party will bear their own fees, costs and expenses for any appeal, but a party may recover any or all fees, costs and expenses from another party, if the majority of the panel of arbitrators, applying applicable law, so determines. An award in arbitration will be enforceable as provided by the FAA or other applicable law by any court having jurisdiction.

**Severability, survival.** This Arbitration Agreement shall survive: (i) termination or changes in the Cardmember Agreement, the Account and the relationship between you and us concerning the Account, such as the issuing of a new account number or the transferring of the balance in the Account to another account; (ii) the bankruptcy of any party or any similar proceeding initiated by you or on your behalf; and (iii) payment of the debt in full by you or by a third party. If any portion of this Arbitration Agreement is deemed invalid or unenforceable, the remaining portions shall nevertheless remain in force.

**CHANGES TO THIS AGREEMENT**

We can change this agreement at any time, regardless of whether you have access to your account, by adding, deleting, or modifying any provision. Our right to add, delete, or modify provisions includes financial terms, such as the APRs and fees, and other terms such as the nature, extent, and enforcement of the rights and obligations you or we may have relating to this agreement. Modifications, additions, or deletions are called "Changes" or a "Change".

We will notify you of any Change if required by applicable law. These Changes may be effective with notice only, at the time stated in our notice, in accordance with applicable law. Unless we state otherwise, any Change will apply to the unpaid balances on your account and to new transactions.

The notice will describe any rights you may have with respect to any Change, and the consequences if you do or do not exercise those rights. For example, the notice may state that you may notify us in writing by a specified date if you do not want to accept certain Changes we are making. If you notify us in writing that you do not accept the Changes, your account may be closed (if it is not already closed) and you will be obligated to pay your outstanding balance under the applicable terms of the agreement. If you do not notify us in writing by the date stated in the notice, or if you notify us but then use your account after the date stated in the notice, you will be deemed to accept all Changes in the notice and to accept and confirm all terms of your agreement and all Changes in prior notices we have sent you regardless of whether you have access to your account.

**CREDIT INFORMATION**

We may periodically review your credit history by obtaining information from credit bureaus and others.

We may report information about you and your account to credit bureaus, including your failure to pay us on time. If you request additional cards on your account for others, we may report account information in your name as well as in the names of those other people.

If you think we have reported inaccurate information to a credit bureau, you may write to us at the Cardmember Service address listed on your billing statement. Please include your name, address, account number, telephone number and a brief description of the problem. If available, please provide a copy of the credit bureau report in question. We will promptly investigate the matter and, if our investigation shows that you are right, we will contact each credit bureau to which we reported the information and will request they correct the report. If we disagree with you after our investigation, we will tell you in writing or by telephone. We will also notify the credit bureau that you dispute the information unless you let us know that you no longer dispute the information.

**NOTICES/CHANGE OF PERSONAL INFORMATION**

We will send cards, billing statements and other notices to you at the address shown in our files. Or, if this is a joint account, we can send billing statements and notices to any joint account holder. Notice to one of you will be considered notice to all of you and all of you will remain obligated on the account. If you change your name, address, or home, cellular or business telephone number or email address (if you elect to receive billing statements or other notices online), you must notify us immediately in writing at the address shown on your billing statement. We may, at our option, accept mailing address corrections from the United States Postal Service. We may contact you about your account, including for customer service or collection, at any address or telephone number as well as any cellular telephone number you provide us.

**TELEPHONE MONITORING AND** RECORDING

We, and if applicable, our agents, may listen to and record your telephone calls with us. You agree that we, and if applicable, our agents, may do so, whether you or we initiate the telephone call.

**INFORMATION SHARING**

You authorize us to share certain information about you and your account within our family of companies, and with others outside our family of companies including any company or organization whose name or mark may appear on the cards, as permitted by law. Our Privacy Policy, which is provided to you when you first receive an agreement and at least once each calendar year thereafter, describes our information sharing practices and the choices you have and directions you may give us about our sharing of information about you and your account with companies or organizations within and outside of our family of companies.

**ILLINOIS CARDMEMBERS**

Illinois law provides that we may not share information about you with companies or other organizations outside of our family of companies unless you authorize the disclosure or unless the disclosure falls under another exception in the law (such as sharing information to process your transactions or in response to a subpoena). You hereby agree that, if you choose not to exercise the applicable opt out described in our Privacy Policy, you will be deemed to have authorized us to share personal information we have about you (including information related to any of the products or services you may have with any of our companies) with companies or other organizations outside of our family of companies.

**ENFORCING THIS AGREEMENT**

We can delay enforcing or not enforce any of our rights under this agreement without losing our right to enforce them in the future. If any of the terms of this agreement are found to be unenforceable, all other terms will remain in full force.

**ASSIGNMENT**

We may assign your account, any amounts you owe us, or any of our rights and obligations under this agreement to a third party. The person to whom we make the assignment will be entitled to any of our rights that we assign to that person.

**GOVERNING LAW**

THE TERMS AND ENFORCEMENT OF THIS AGREEMENT AND YOUR ACCOUNT SHALL BE GOVERNED AND INTERPRETED IN ACCORDANCE WITH FEDERAL LAW AND, TO THE EXTENT STATE LAW APPLIES, THE LAW OF DELAWARE, WITHOUT REGARD TO CONFLICT-OF-LAW PRINCIPLES. THE LAW OF DELAWARE, WHERE WE AND YOUR ACCOUNT ARE LOCATED, WILL APPLY NO MATTER WHERE YOU LIVE OR USE THE ACCOUNT.

**FOR INFORMATION**

Please call the Cardmember Service telephone number on your card or billing statement if you have any questions about your account or this agreement.

**YOUR BILLING RIGHTS**

**Keep This Notice For Future Use**

This notice contains important information about your rights and our responsibilities under the Fair Credit Billing Act.

**Notify Us In Case Of Errors Or Questions About Your Bill**

If you think your bill is wrong, or if you need more information about a transaction on your bill, write us on a separate sheet at the Cardmember Service address shown on your billing statement. Write to us as soon as possible. We must hear from you no later than 60 days after we sent you the first bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights.

In your letter, give us the following information:

• Your name and account number.

• The dollar amount of the suspected error.

• Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are not sure about.

If you have authorized us to pay your credit card bill automatically from your savings or checking account, you can stop the payment on any amount you think is wrong. To stop the payment your letter must reach us at least three business days before the automatic payment is scheduled to occur.

**Your Rights And Our Responsibilities After We Receive Your Written Notice**

We must acknowledge your letter within 30 days, unless we have corrected the error by then. Within 90 days, we must either correct the error or explain why we believe the bill was correct.

After we receive your letter, we cannot try to collect any amount you question, or report you as delinquent. We can continue to bill you for the amount you question, including finance charges, and we can apply any unpaid amount against your credit line. You do not have to pay any questioned amount while we are investigating, but you are still obligated to pay the parts of your bill that are not in question.

If we find that we made a mistake on your bill, you will not have to pay any finance charges related to any questioned amount. If we didn't make a mistake, you may have to pay finance charges, and you will have to make up any missed payments on the questioned amount. In either case, we will send you a statement of the amount you owe and the date that it is due.

If you fail to pay the amount that we think you owe, we may report you as delinquent. However, if our explanation does not satisfy you and you write to us within 10 days telling us that you still refuse to pay, we must tell anyone we report you to that you have a question about your bill. And, we must tell you the name of anyone we reported you to. We must tell anyone we report you to that the matter has been settled between us when it finally is.

If we don't follow these rules, we can't collect the first $50.00 of the questioned amount, even if your bill was correct.

**Special Rules for Credit Card Purchases**

If you have a problem with the quality of property or services that you purchased with a credit card, and you have tried in good faith to correct the problem with the merchant, you may have the right not to pay the remaining amount due on the property or services. This right does not apply to check transactions. There are two limitations on this right:

(a) You must have made the purchase in your home state or, if not within your home state, within 100 miles of your current mailing address; and

(b) The purchase price must have been more than $50.00.

These limitations do not apply if we own or operate the merchant, or if we mailed you the advertisement for the property or services.

Copyright ©2007 JPMorgan Chase & Co. All rights reserved.

CMA15075

**RATES AND FEES TABLE**
(This table may also be referred to as the Table of Interest Charges)

### Rates (APR means Annual Percentage Rate)

| |
|---|
| Introductory **APR**<br>0% fixed APR (0% daily periodic rate) on balance transfers and balance transfer checks until the first day of your billing cycle that includes March 1, 2006 (the "Introductory Period") |
| Purchase **APR**<br>19.99% fixed APR (0.05477% daily periodic rate) |
| Balance Transfer/Balance Transfer Check APR after the Introductory Period<br>19.99% fixed APR (0.05477% daily periodic rate) |
| Cash Advance/Cash Advance Check **APR**<br>The Prime Rate* plus 19.99%, currently 28.24% (0.07737% daily periodic rate) |
| Default **APR**<br>The Prime Rate* plus up to 23.99%, currently 32.24% (0.08833% daily periodic rate) |
| Overdraft Advance **APR**<br>13.99% fixed APR (0.03833% daily periodic rate) |

\* Estimated variable APRs above are based on the 8.25% Prime Rate as of March 21, 2007.

### Fees and Finance Charges

| | |
|---|---|
| ATM Cash Advance Fee -- **Finance Charge**<br>3% of transaction (minimum fee of $10.00) | |
| Non-ATM Cash Advance / Cash Advance Check Fee -- Finance Charge<br>3% of transaction (minimum fee of $10.00) | |
| Balance Transfer Fee -- Finance Charge<br>3% of transaction (minimum fee of $5.00 and maximum of $75.00) | |
| Balance Transfer Check Fee -- Finance Charge<br>3% of transaction (minimum fee of $5.00 and maximum of $75.00) | |
| Minimum Periodic Finance Charge<br>(If any periodic finance charge is payable for a billing cycle) | $1.00 |
| **Annual Membership Fee** | None |
| Late Fees:<br>$15.00 if the balance is up to, but not including $250.00;<br>$39.00 if the balance is $250.00 and over | |
| **Overlimit Fee** | $35.00 |
| **Return Payment Fee** | $35.00 |
| **Return Check Fee** | $35.00 |
| **Administrative Fees:**<br>Copy of Billing Statement or other record | $5.00 |

# EXHIBIT E

**STATE OF NEW YORK**
**CITY COURT OF THE CITY OF**
**DISTRICT:**
ATTORNEY(S): LINDA STRUMPF    PH: 212-986-6800
ADDRESS: 244 COLONIAL RD, NEW CANAAN CT 06840

**COUNTY OF MONROE** OF NEW YORK
CITY COURT
BRANCH

INDEX #: _____ 25985-09
Date Filed: _____ December 23, 2009

FILED 2010 FEB 9  AM 12: 45

*U.S. EQUITIES CORP.*  FILED

Plaintiff(s)/Petitioner(s)

vs

*MARK A MENAFO*  CLERK

Defendant(s)/Respondent(s)

STATE OF ___NEW YORK___ , COUNTY OF ___MONROE___ SS.:   **AFFIDAVIT OF SERVICE**

___GREGORY P. PINKNEY___ , being duly sworn deposes and says:

Deponent is not a party herein, is over 18 years of age. On ___DECEMBER 31, 2009___ at ___3:05 Pm___ ,

at _____ 118 S RIDGE TRL, Fairport, NY 14450 _____ , deponent served the within

**Summons and Complaint**

on: _____ **MARK A MENAFO** _____ ,   **Defendant** _____ therein named.

**#1 INDIVIDUAL** ☒ By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

**2 CORPORATION** ☐ By delivering thereat a true copy of each to _____ personally, deponent knew said corporation/agency to be the corporation described in same as said recipient and knew said individual to be the managing/authorized agent of the corporation, and said person stated that he/she was authorized to accept service on behalf of the corporation.

**#3 SUITABLE AGE PERSON** ☐ By delivering a true copy of each to _____ a person of suitable age and discretion. Said premises is recipient's [ ] actual place of business   [ ] dwelling house (usual place of abode) within the state.

**#4 AFFIXING TO DOOR** ☐ By affixing a true copy of each to the door of said premises, which is recipient's:   [ ] actual place of business [ ] dwelling house (place of abode) within the state.

Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, having called thereat on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____
Address confirmed by _____

**#5 MAIL COPY** ☐ On _____ , deponent completed service under the last two sections by depositing a copy of the _____ to the above address in a 1st Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of _____ .

**#6 DESCRIPTION** ☒ A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
(use with #1, 2 or 3)   Sex: ___M___   Color of skin: ___WH___   Color of hair: ___BLK___   Age: ___30-40___   Height: ___5'9"___
Weight: ___200___   Other Features: ___GLASSES___

**#7 WIT FEES** ☐ the authorized witness fee and / or traveling expenses were paid (tendered) to the recipient.

**#8 MIL SRVC** ☒ Your deponent asked the person spoken to whether defendant was in the active military service of the United States; and received a negative reply. Upon information and belief I have; being based on the conversations & observations above narrated, defendant is not in the military service.

**#9 OTHER** ☐ _____

7/2/01

Sworn to before me on ___February 9, 2010___

_____
Notary Public

LOUIS V. FALVO
Notary Public, State of New York
No. 01FA_____
Qualified in _____
My Commission _____

Please Print Name Below Signature
___GREGORY P. PINKNEY___
Invoice/Work Order # 0194912

# EXHIBIT F

STATE OF NEW YORK
ROCHESTER CITY COURT: COUNTY OF MONROE

U.S. EQUITIES CORP.,

                    Plaintiff,

       vs.

MARK MENAFO,

                    Defendant.

**ANSWER AND
COUNTERCLAIM**

2009-CV-25985

      The defendant, Mark Menafo, as and for an Answer to the Complaint of plaintiff, by and

through counsel, Kristin J. Graham, alleges as follows:

### AS TO THE FIRST CAUSE OF ACTION

1.     Denies the allegations contained in paragraphs "1", "2", "3", "4" and "5" of the

Complaint.

### AS TO THE SECOND CAUSE OF ACTION

2.     Denies the allegations contained in paragraphs "6", "7" and "8" of the Complaint.

3.     Denies any allegations in the Complaint not expressly admitted.

### AS TO THE THIRD CAUSE OF ACTION

4.     Denies the allegations in paragraphs "9", "10", "11" and "12" of the Complaint

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

5.     That this action is barred by the applicable statute of limitations.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

6.     That the court lacks personal jurisdiction over the defendant and

or subject matter jurisdiction in this controversy.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

7.      That the plaintiff's first cause of action fails to state a claim upon which relief can be granted.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

8.      That the plaintiff's second cause of action fails to state a claim upon which relief can be granted.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

9.      That there was no valid assignment of rights to the plaintiff and therefore the plaintiff is not a proper party in interest, and/or the plaintiff is not authorized to do business in the State of New York and lacks standing to sue.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

10.     That the plaintiff's claims are barred for failure to allege specific transactions on the account relating to the alleged debt.

### AS AND FOR A COUNTER-CLAIM AGAINST THE PLAINTIFF, DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

1.      That the plaintiff uses instrumentalities of interstate commerce, including, but not limited to, the mails of the United States in the regular collection or attempted collection of debts.

2.      That the defendant is a natural person allegedly obligated to pay a purported consumer debt.

3.      That the plaintiff has collected or attempted to collect from defendant on an alleged consumer debt.

2

4.      That the plaintiff has collected or attempted to collect from defendant amounts, including attorney fees in the amount of 20%, various fees and interest at a rate of 24.00%, not expressly authorized by any alleged existing agreement or statute.

5.      That the plaintiff in its attempts to collect on the alleged debt, has violated numerous provisions of the Fair Debt Collection Practices Act and as a result thereof, the defendant is entitled to have the Complaint dismissed, along with actual damages, statutory damages up to $1,000 per violation, costs of the action, and reasonable attorney fees.

## AS AND FOR A SECOND COUNTER-CLAIM, DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

6.      That defendant repeats, re-alleges and reiterates each and every allegation contained in paragraphs "1" through "5" immediately above as if set forth in length herein.

7.      That the actions of plaintiff violated other applicable Federal, State and Local laws, rules and regulations, including, but not limited to, the Fair Credit Reporting Act, the Truth in Lending Act and New York's Consumer Protection Against Deceptive Acts and Practices Act.

8.      That as a result thereof, the defendant is entitled to all damages flowing therefrom, including statutory damages and reasonable attorney's fees and the costs of the action.

9.      That as a result thereof, the defendant is entitled to have the Complaint dismissed.

3

WHEREFORE, defendant respectfully requests that the Complaint be dismissed with prejudice and that the defendant be awarded damages on defendant's counter-claims, including statutory penalties, reasonable attorney's fees, actual damages, and the costs of this action and motion and for such other and further relief as to the court seems just and proper.

Dated: _January 27_, 2010
       Rochester, NY

                                         Kristin J. Graham
                                         Graham Law, P.C.
                                         Attorney for Defendant
                                         95 Allens Creek Road
                                         Building 2, Suite 8
                                         Rochester, NY 14618
                                         585.563.4020

TO:
Linda Strumpf, Esq.
2 West Road
South Salem, NY 10590
212.566.6800

4

United States District Court
Western District of New York

-----------------------------------------------X   Docket No. 10 CV 6545 (DGL)

Mark A. Menafo

            Plaintiff,

  -against-               CERTIFICATE OF SERVICE

The Law Office of Linda Strumpf

            Defendant

-----------------------------------------------X

      Linda Strumpf, hereby declares under penalty of perjury, that pursuant to 28 U.S.C. §1746, the foregoing is true and correct:

      On November 2, 2010 deponent served one copy of Defendant's Notice Of Motion to Dismiss, Declaration of Linda Strumpf in Support of the Motion to Dismiss with Exhibits, and the Memorandum of Law in Support of Defendant's Motion to Dismiss, in the above-captioned matter on the Attorneys for Plaintiff by depositing a true copy thereof in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service addressed to:

Graham Law P.C.
Attorneys for Plaintiff
1207 Delaware Avenue.
Suite 202
Buffalo, NY 14209

_____

Linda Strumpf

6

United States District Court
Western District of New York
---------------------------------------------X

Mark A. Menafo                                  Docket No. 10 CV 6545 (DGL)

            Plaintiff,

-against-

The Law Office of Linda Strumpf
          Defendant
--------------------------------------------------X

## MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANT'S
## MOTION TO DISMISS

### PRELIMINARY STATEMENT

Mr. Menafo's only cause of action is his allegation that I committed a violation of the

Fair Debt Collection Practices Act § 1692(f)(1) because the complaint in the Rochester City

Court action requests attorney's fees.

However, there was an agreement, specifically the Chase Cardmember Agreement

between Chase Bank USA, N.A. (the original creditor) and Mr. Menafo which authorized the

collection of attorney's fees in the event of a default. Thus, the plaintiff in the City Court

action (the successor in interest to Chase) was entitled to request attorney's fees. As such,

Mr. Menafo has failed to state a claim upon which relief can be granted.

If the Court should deny my motion to dismiss, we respectfully request that the Court

dismiss or stay this action based on the doctrine of abstention. Mr. Menafo made the same

exact claim which is the subject of this action in the underlying collection action in Rochester

1

City Court, which was commenced nine months prior to this action. Pursuant to the factors

to be considered, as set forth herein, we respectfully request that the Court apply the doctrine

of abstention and dismiss or stay this action in favor of the Rochester City Court action.

## STATEMENT OF FACTS

I commenced a valid action against Mark A. Menafo on behalf of U.S. Equities Corp.,

for his default on a credit card obligation originally issued by Chase Bank, U.S.A. N.A. in

Rochester City Court, Monroe County, State of New York ("City Court action") on

December 23, 2009. (See Exhibit A, the summons and complaint in the City Court action).

U.S. Equities was assigned all rights to the account in the normal course of business

from Turtle Creek Assets Ltd (by and through its general partner, Forward Properties

International, Inc.) who was assigned all rights to the account in the normal course of

business from Chase Bank USA, N.A. (See Exhibit B). Mr. Menafo has not disputed U.S.

Equities' Chain of Title or ownership of this account in this lawsuit.

The credit card statements (see Exhibit C) show that numerous payments and charges

were made on this account by Mr. Menafo, which Mr. Menafo has not disputed in this

lawsuit. The statements were sent to his then current address and never protested.

By Mr. Menafo's use of the credit card, which is undisputed, he agreed to the terms

and conditions of the Chase Cardmember Agreement (see Exhibit D) which states:

2

"ACCEPTANCE OF THIS AGREEMENT

*"This agreement governs your credit card account with us…Any use of your account is covered by this agreement.* Please read the entire agreement and keep it for your records. You authorize us to pay for and charge your account for all transactions made on your account. You promise to pay us for all transactions made on your account, as well as any fees or finance charges.

*…You will be bound by this agreement if you or anyone authorized by you use your account for any purpose, even if you don't sign your card. Whether you use or account or not, you will be bound by this agreement unless you cancel your account within 30 days after receiving your card and you have not used your account for any purpose."* (p. 1, Col. 1) [Emphasis added]

The Cardmember Agreement further states:

"DEFAULT/COLLECTION

To the extent permitted by law, if you are in default because you have failed to pay us you will pay our collection costs, attorneys' fees, court costs, and all other expenses of enforcing our rights under this agreement." (p. 3, Col. 1)

The Chase Cardmember Agreement was the prevailing agreement between Mr.

Menafo and Chase Bank USA, N.A. calling for payment of attorney's fees by the card holder

in the event of a default on the credit card. Mr. Menafo defaulted on the credit card, and thus

attorney's fees were properly requested.

Mr. Menafo was served in-hand with the summons and complaint in the City Court

action (See Exhibit E). Thereafter, Mr. Menafo, through his attorneys, served an answer and

counterclaims in the City Court action on January 27, 2010 (See Exhibit F).

Mr. Menafo alleges in his counterclaim:

"…the plaintiff has collected or attempted to collect from defendant amounts,

3

including attorney fees in the amount of 20% ... not expressly authorized by any alleged existing agreement or statute." (p. 3, ¶ 4 of Defendant's First Counter-Claim); and that the plaintiff "has violated numerous provisions of the Fair Debt Collection Practices Act (p. 3, ¶ 5 of Defendant's First Counter-Claim).

Thus, Mr. Menafo is alleging the exact same Fair Debt Collection Practices Act cause of action in this case, which he alleged over eight months prior to the commencement of this action in the City Court action.

## THE LAW

### I
### STANDARD FOR MOTION TO DISMISS

The standard for a motion to dismiss made pursuant to Federal Rules of Civil Procedure 12(b)(6) is whether or not a complaint alleges facts that raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007). The Supreme Court held that the complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. Twombly at 1965.

In Goldstein v. Pataki, 516 F.3d 50 (2nd Cir., 2008), the Second Circuit held that the operative standard requires the "plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" (citations omitted).

See also South Cherry Street, LLC v. Hennessee Group LLC., 573 F.3d 98, (2nd Cir.,

4

2009):

> "As a general matter, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible on its face*.' " [citations omitted] "the [ *Twombly* ] pleading standard [applies to] all civil actions" (internal quotation marks omitted)). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." [citations omitted] Generally "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [citations omitted]."

I maintain that based on these standards, the facts, and the applicable law  as set forth

herein, my motion to dismiss should be granted.


## II
## THERE WAS A CARDMEMBER AGREEMENT
## FOR ATTORNEY'S FEES IN THE EVENT OF A DEFAULT

Mr. Menafo's only cause of action in this case is his claim that there was no

agreement entitling U.S. Equities to recover attorney's fees in the City Court action, and thus

the cause of action for attorney's fees alleged in the City Court complaint was a violation of

15 U.S.C. 1692(f)(1), which states:

> "(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

The Chase Cardmember Agreement was the prevailing agreement between Mr. Menafo

5

and Chase Bank USA, N.A. calling for payment of attorney's fees by the card holder in the event of a default on the credit card. Mr. Menafo defaulted on the credit card, and thus attorney's fees were properly requested.

The defendant had an agreement with Chase, as is evidenced by the credit card statements, showing his usage of the credit card, and the Cardmember Agreement.

Case law is also clear that where a Cardmember Agreement calls for attorney's fees in a collection action on the defaulted credit card bill, a request for attorney's fees is proper

See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292 (2nd Cir., 2003), an FDCPA case, which also involved a credit card debt, and a claim, *inter alia*, that the debt collector was not entitled to request attorney's fees. The Second Circuit held:

> "plaintiff's cause of action under § 1692f(1) requires a showing that defendants attempted to collect an amount not expressly permitted either by the agreement creating the debt or by law. In other words, plaintiff states a claim *only* if the $323.63 sought by UC & S in the state court complaint was not permitted by the Lord & Taylor agreement or by law..."

> The district court correctly found that plaintiff failed to state a claim in that the amount UC & S sought to collect was permitted by the agreement and was not prohibited by law."

See also Gaisser v. Portfolio Recovery Associates, LLC 571 F.Supp.2d 1273 (S.D. Fla., 2008), which also involved attorneys' fees claimed pursuant to the terms of a Providian credit card agreement:

> "The contract governing the Providian account includes a provision whereby the consumer agrees to pay collection costs 'including, but not limited to, reasonable attorney's fees and court costs.'"

6

Similarly, the terms of the Chase Cardmember Agreement apply to the underlying debt.   See also <u>Scioli v. Goldman & Warshaw P.C.</u>, 651 F.Supp.2d 273 (D.N.J., 2009), which also involved a credit card debt, where the Court held: "In this case, the contractual attorneys fees are the fees to which Goldman is undisputedly … entitled under Scioli's Customer Agreement with Capital One."

Mr. Menafo alleges that "no agreement entitling Defendant to recover '20% of the amount due and owing' exists." (¶ 14 of the Complaint herein), and that defendant attempted to collect a debt "not authorized by agreement."   (¶ 19 of the Complaint)   However, the request for attorney's fees is consistent with the terms of the underlying Chase Cardmember Agreement. The credit card statements attached (see Exhibit C) list numerous charges and payments made by the defendant. By use of the card, the terms of the Agreement apply.

## III
## THE DOCTRINE OF ABSTENTION IS APPLICABLE

In the alternative, if the Court denies defendant's motion to dismiss for failure to state a claim upon which relief can be granted, we respectfully request that the Court abstain from exercising jurisdiction because plaintiff made the same claims in the pending City Court action.

The City Court action was commenced on December 23, 2009.  (See Exhibit A). Thereafter, Mr. Menafo was served in hand with the summons and complaint on December

31, 2009 (see Exhibit E). Mr. Menafo then filed an answer and counterclaims, dated January 27, 2010 (see Exhibit F).

Thus, defendant claims that this Court should abstain from exercising its jurisdiction over this action, based upon the abstention doctrine, as set forth by the Second Circuit in DeCisneros v. Younger, 871 F.2d 305 (2d Cir.1989).

The Second Circuit held that there are six factors for a federal court to consider in determining whether or not to exercise its jurisdiction:

1) which court first assumed jurisdiction over the res;

2) inconvenience of the federal forum;

3) desirability of avoiding piecemeal litigation;

4) the order of filing of the state and federal actions;

5) the law that provides the rule of decision; and

6) protection of the federal plaintiff's rights.

See DeCisneros, 871 F.2d at 307.

If the Court finds that abstention is appropriate, it may either dismiss the action or stay it, pending the outcome of the parallel state court action. Saatchi & Saatchi Business Communications, Inc. v. Just For Feet, Inc., 64 F.Supp.2d 207, 210 (W.D.N.Y.,1999). See also AMNEX, Inc. v. Rowland, 25 F.Supp.2d 238, 243 (S.D.N.Y.1998).

The Courts have consistently held that the decision whether or not to abstain lies within the sound discretion of the Court. *Wilton v. Seven Falls Co.,* 515 U.S. 277, 288-89,

8

115 S.Ct. 2137, 132 L.Ed.2d 214 (1995); *DeCisneros,* 871 F.2d at 307.

An analysis and application of the factors to this case indicate:

1. Exercise of Jurisdiction over a res.

    This factor is inapplicable, since there is no res. Thus, according to *DeCisneros,* 871

F.2d at 307, this factor weighs against abstention.

2. Relative inconvenience of the federal forum.

    The underlying debt action, which is still pending, is in City Court; thus, it would

be more convenient to hear the entire action in one forum

3. Desirability of avoiding piecemeal litigation

    The District Court in Saatchi & Saatchi Business Communications, Inc., 64

F.Supp.2d at 211 held the desirability of avoiding piecemeal litigation is "considered one of

the most important [factors] in deciding whether or not to abstain." See also AMNEX, Inc.,

25 F.Supp.2d at 243 (S.D.N.Y.1998), which had the same holding.

    The Second Circuit in DeCisneros, 871 F. 2d at 308, found "Because the state and

federal issues are 'inextricably linked,' the risk of such adjudication [piecemeal litigation] is

real … and the district court properly abstained from allowing litigation to proceed in

installments." That Court went on to hold that: "The central problem with piecemeal

adjudication in this case … is that a potential exists for 'inconsistent and mutually

contradictory determinations.'"

    The cause of action in this case is completely identical to a portion of Mr. Menafo's

9

counterclaims in the City Court action, which is undisputedly more comprehensive than this action. The City Court action was commenced nine months prior to this action, issue was joined almost eight months prior to the commencement of this action, and discovery was already conducted in that action. If this action is not dismissed or stayed, there would be two actions containing the entire claims in this action pending simultaneously.

In Saatchi & Saatchi Business Communications, Inc. 64 F.Supp.2d at 211 (W.D.N.Y.,1999), a case which was not as clear-cut as this case, because there were two identical actions, this U.S. District Court found "that the goal of avoiding "duplicative simultaneous litigation" weighs in favor of abstention. [citing] DeCisneros, 871 F.2d at 308.

4. Order of filing for the state and federal actions

The Second Circuit in *DeCisneros,* 871 F.2d at 308 held that not only does this factor look to the chronological order in which the actions were filed, but the "relative progress of the federal and state proceedings must be carefully examined."

Herein, as set forth *supra,* the City Court action was commenced nine months prior to this action; issue was joined, and discovery was served and answered. Thus, the City Court action is more advanced at this stage.

5. Law that provides the rule of decision

Although the FDCPA is a federal law, the law can be applied in the City Court action as well, and state law applies regarding the validity of the debt.

6. Protection of the federal plaintiff's rights.

10

The last factor is whether Mr. Menafo's rights will be adequately protected in the state proceedings. See DeCisneros, 871 F.2d at 309. However, there is no reason why plaintiff's rights should be in any danger in the State court action. Thus, according to DeCisneros, "this factor does not weigh in favor of or against abstention."

Weighing all the factors, defendant respectfully requests that this Court dismiss or stay this action on the grounds of abstention.

## IV
## SANCTIONS ARE WARRANTED
## AGAINST PLAINTIFF HEREIN

15 U.S.C.A. § 1692k(a)(3) states:

"On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs."

I contend that sanctions are warranted herein, because Mr. Menafo was provided with a copy of the Chase Cardmember Agreement in U.S. Equities' responses to his discovery and document demands in the City Court action. Thus, prior to commencing this action, he knew that there was an Agreement calling for attorney's fees in the event of his default; and he nevertheless commenced the action. The action was brought in bad faith, to harass, and, upon information and belief, with the intent to have our office coerce our client to dismiss the City Court action for collection of a valid debt.

11

## CONCLUSION

It is respectfully requested that my motion to dismiss pursuant to Federal Rules of

Civil Procedure §12(b)(6) be granted, and if the Court should deny that motion, then it is

respectfully requested that this Court either dismiss or stay this action based on the doctrine

of abstention.

Dated:  November 2, 2010

Respectfully Submitted,

Linda Strumpf.
Defendant Pro Se
244 Colonial Road
New Canaan, Ct. 06840
203-966-8555

TO:  Graham Law P.C.
　　　Attorneys for Plaintiff
　　　1207 Delaware Ave.
　　　Suite 202
　　　Buffalo,  NY 14209

12

United States District Court
Western District of New York
----------------------------------------------X   Docket No. 10 CV 6545 (DGL)
Mark A. Menafo
                    Plaintiff,
        -against-                          CERTIFICATE OF SERVICE

The Law Office of Linda Strumpf
                    Defendant
--------------------------------------------------X

   Linda Strumpf, hereby declares under penalty of perjury, that pursuant to 28 U.S.C.
§1746, the foregoing is true and correct:

   On November 2, 2010 deponent served one copy of the Memorandum of Law in
Support of Defendant's Motion to Dismiss, in the above-captioned matter on the Attorneys
for Plaintiff by depositing a true copy thereof in a post-paid wrapper, in an official depository
under the exclusive care and custody of the U.S. Postal Service addressed to:

Graham Law P.C.
Attorneys for Plaintiff
1207 Delaware Avenue.
Suite 202
Buffalo, NY 14209

Linda Strumpf

# LINDA STRUMPF
ATTORNEY AT LAW

NEW YORK OFFICE
2 WEST ROAD
SOUTH SALEM, NY 10590
TEL: (212) 566-6800
FAX: (212) 566-6808

NEW JERSEY OFFICE
2404 PARK PLACE
SPRINGFIELD, NJ 07081
TEL: (973) 624-2121
FAX: (973) 624-7550

CONNECTICUT OFFICE
244 COLONIAL ROAD
NEW CANAAN, CT 06840
TEL: (203) 966-8555
FAX: (203) 966-8886

*Admitted to practice:*
New York
New Jersey
Connecticut

November 02 2010

Clerk
United States District Court
Kenneth B. Keating Federal Building
100 State Street
Rochester, NY

Re: Mark A. Menafo v. The Law Office of Linda Strumpf
    Docket No. 10 CV 6545 (DGL)

Dear Sir/Madame:

I am the defendant in the above-captioned action. I am not admitted to this Court, and am appearing Pro-Se in this matter.

I am enclosing my Notice of Motion to Dismiss , Certification in Support and Memorandum of Law in the above-captioned matter, with Certificate of Service upon the defendant, and a disk with the documents in PDF Format.

Thank you for your attention to this matter.

Very truly yours,

LINDA STRUMPF

Encl.

Our File No.  74940

Overnight Mail

74940