United States District Court
Western District of New York
-----------------------------------------------X
 Mark A. Menafo                                          Docket No. 10 CV 6545 (DGL)
                    Plaintiff,
    -against-

The Law Office of Linda Strumpf
                    Defendant
-------------------------------------------------X

# MEMORANDUM OF LAW
## IN RESPONSE TO PLAINTIFF'S OPPOSITION
## AND IN FURTHER SUPPORT OF DEFENDANT'S
## MOTION TO DISMISS

### ARGUMENT

### I
### The Standard for a Motion to Dismiss
### Has Been Met

Defendant has met the standard for a motion to dismiss herein.

In <u>De Jesus v. Sears, Roebuck & Co., Inc</u>. 87 F.3d 65, 70 (2nd Cir., 1996), cited by plaintiff, the Court further held:

> "A complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." [citations omitted].'[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" [citation omitted]

Similarly herein, there are no factual allegations whatsoever which would support plaintiff's complaint. Plaintiff's claim, as set forth in his Memorandum, is that the Cardmember Agreement "did not expressly authorize or entitle Defendant to recover twenty (20) percent of the subject debt balance as attorney's fees." (Plaintiff's Mem., p. 2)

Plaintiff cites Conley v. Gibson  355 U.S. 41, 43-44, 78 S.Ct. 99, 101 (U.S. 1957) in support of his contention that dismissal of the complaint prior to discovery is a drastic step and should not be employed "unless it appears beyond doubt" that plaintiff cannot prove any set of facts in support of his claim.  However, Conley v. Gibson was modified by Bell Atlantic Corp. v. Twombly  550 U.S. 544, 554-556, 127 S.Ct. 1955, 1964 - 1965 (2007), which held:

> "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds" of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do … see *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'). Factual allegations must be enough to raise a right to relief above the speculative level…, see … Wright & Miller ('[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action')." [citations omitted]

Applying those standards, plaintiff's legal conclusion is that since no reference to a "specified percentage" is made in the Cardmember Agreement, the statement in the Complaint requesting 20% attorney's fees is "blatantly false, deceptive, misleading and unfair." (Plaintiff's Mem., pp. 2-3).  Plaintiff does not dispute there is a Cardmember Agreement; he merely claims that 20% attorney's fees are not specifically authorized by the Cardmember Agreement.  However, there are no factual – or legal - allegations whatsoever made by plaintiff which would support this allegation. The Cardmember Agreement herein states:

> "*To the extent permitted by law*, if you are in default because you have

      failed to pay us you will pay our collection costs, attorneys' fees…" (p. 3, Col. 1) (See Exhibit D to the Strumpf Certification).

Plaintiff has failed to demonstrate that 20% attorney's fees are not permitted by law, and thus has failed to demonstrate its legal conclusion that a demand for 20% attorney's fees is in and of itself a violation of the FDCPA. Thus, there are no grounds for "plaintiff's entitlement to relief."

## II
## Defendant's Attorney Fee Request
## Is Valid Pursuant to New York Law

Plaintiff further claims that defendant's attorney fee request "circumvents" New York law. (See Plaintiff's Mem., p. 3, and Fn. 1 on p. 3) . However, a review of those cited cases show that they are not applicable to the complaint herein.

In <u>In re Kalkin</u>  45 A.D.2d 494, 495, 359 N.Y.S.2d 893, 893 (1st Dept., 1974), the attorney's arrangement with Sears was to receive a fixed fee per case, depending upon the amount of the account. All his other clients had provisions in their contract for 20% attorney's fees. The issue in that case was that the attorney assumed – incorrectly – that the Sears contract contained the same clause, and he collected the additional 20% from the debtors. And, even worse, after he learned that Sears did not have a 20% attorney fee clause, he kept the 20% in addition to his flat fee. He agreed to reimburse the judgment debtors, so he was only given a one year suspension of his license. Obviously, the facts of <u>Kalkin</u> are not applicable in this matter. Clearly, we have the Cardmember Agreement which calls for attorney's fees in the event of default.

In his Footnote 1, defendant cites a number of cases which are all distinguishable from the case herein. <u>First Nat. Bank of East Islip v. Brower</u> 42 N.Y.2d 471, 474, 368 N.E.2d 1240, 1242, 398 N.Y.S.2d 875, 877 (1977) held:

> "The present court rule does not foreclose the collection of a 15% attorney's fee. In essence it requires only that there be an appropriate demonstration that the quantity and quality of legal services actually rendered are such as to warrant, on a quantum meruit basis, that full percentage. If not, the fee will be fixed by the court at a proper figure on the same basis."

The Court went on to hold:

> "…we read the section [Personal Property Law 302] as authorizing an agreement between creditor and debtor that the latter will pay reasonable attorneys' fees not exceeding 15%."

<u>First Nat. Bank of East Islip</u> does not state that a creditor is not permitted to request 15% (or in this instance 20%) attorney's fees. In fact, the Court of Appeals specifically held that a creditor is authorized to request 15% attorney's fees, but that it is up to the Court to decide the proper fee amount..

<u>Marine Midland Bank, N.A. v. Scallen,</u> 161 A.D.2d 103, 554 N.Y.S.2d 541 (1st Dept.,1990) and <u>M. Sobol Inc. v. Wykagyl Pharmacy,</u> 282 A.D.2d 438, 723 N.Y.S.2d 88 (2nd Dept.,2001) do *not* state that it is illegal for a plaintiff to ask for a permissible percentage of attorney's fees in their complaint.

Finally, plaintiff cites <u>Kamco Supply Corp. v. Annex Contracting Inc</u>. 261 A.D.2d 363, 689 N.Y.S.2d 189 (2nd Dept., 1999) and <u>Industrial Equipment Credit Corp. v. Green</u>, 62 N.Y.2d 903, 467 N.E.2d 525, 478 N.Y.S.2d 861 (1984), which specifically held that "Inclusion of attorney's fees in the judgment was properly directed since it is not required that

4

fees be paid before recovery may be had, only that the value of the services be established."

Attorney's fees are awarded at the end of the case. However, that does not mean that a creditor is not permitted to request a specific amount in its complaint.

Plaintiff claims that defendant violated the FDCPA "by falsely declaring that Defendant was in possession of an agreement signed by Plaintiff Menafo that authorized Defendant to add 20% to the alleged balance to pay for attorney's fees." (¶18 of the Complaint). However, as set forth in our initial Memorandum of Law, by using the card, the plaintiff agreed to the terms therein, which call for attorney's fees *"to the extent permitted by law"* in the event of a default.

Plaintiff also has alleged that defendant violated the FDCPA "by attempting to collect a debt they were not authorized by agreement to collect, by improperly seeking to inflate the amount of the alleged debt by 20%." (¶ 19 of the Complaint). However, plaintiff was authorized by agreement to collect attorney's fees.

### III
### The Holding in *Miller v. Wolpoff & Abramson, L.L.P.* is Applicable Herein and is On Point

Miller v. Wolpoff & Abramson, L.L.P 321 F.3d 292 (2nd Cir., 2003) is exactly on point. A complaint was filed in Queens County court for recovery of $1618.14 plus attorney's fees in the specified amount of $323.63, which is 20% of $1618.14. The plaintiff in Miller made two claims regarding attorney's fees. The first is that it was impermissible to

share a portion of the fee with a non-attorney in violation of state ethics rules. The Court found on that point:

> "We find no support for plaintiff's position that an attorney violates the FDCPA by attempting to collect a facially reasonable fee-consistent with the terms of the underlying agreement-with the intent later to use the money in some otherwise prohibited manner." (@ 308).

Of course, there is no such claim herein, so that is inapplicable.

However, plaintiff therein also had a second claim regarding attorney's fees, which plaintiff Menafo herein ignores. Plaintiff's second claim in the <u>Miller</u> case regarding the attorney's fees was that the defendant law firm sought 20% attorney's fees without determining whether that amount was reasonable. However, the Court held (fn. 6 @ 308):

> "Plaintiff also asserts that UC & S [the law firm of Upton Cohen & Slamowitz] consistently seeks a 20% fee without ascertaining whether the fee is reasonable. The fee sought here, however, was only $323.63, and plaintiff does not allege that this fee is unreasonably high. As the district court observed, 'I can't imagine anything that a lawyer does not generating at least 322[sic] dollars in fees. So I cannot say that that amount was excessive or unreasonable given what went on here, the sending of a few letters or, therefore, that Upton Cohen's alleged sharing of part of that fee, some 40 dollars, with the network that referred them to the client, was contrary to the express authorization of the agreement to also be liable for attorney's fees here.'"

That case could not be more on point. The Court of Appeals specifically held that requesting 20% attorney's fees in a complaint was not a violation of the FDCPA. Similarly herein, plaintiff does not allege that the attorney's fee of $1,222.91 is excessively high. Plaintiff is contesting the underlying collection case; if there is a trial, attorney's fees of $1,222.91 for commencing the action, preparation for trial, the trial and possible appeal are not unreasonable, and, as in <u>Miller</u>, the plaintiff does not claim that the fees are unreasonable.

## IV
## Defendant Also Misinterprets
### *Gaisser v. Portfolio Recovery Associates, LLC*

Defendant claims that <u>Gaisser v. Portfolio Recovery Associates, LLC</u> 571 F.Supp.2d 1273 (S.D.Fla.,2008) supports his contention that the underlying complaint violated the FDCPA.  However, herein, plaintiff did not include the attorney's fees with the principal amount requested in the complaint.

As defendant points out (and as set forth in *supra*), the clause in the Cardmember Agreement states that:

> "*To the extent permitted by law*, if you are in default because you have failed to pay us you will pay our collection costs, attorneys' fees…" (p. 3, Col. 1)

Defendant herein has requested 20% attorney's fees, and there is nothing in the law which states that defendant is not permitted to make that request.  The clause in the Providian agreement in the <u>Gaisser</u> case called for "reasonable attorney's fees."  The complaint in the underlying state action in <u>Gaisser</u> stated "'[i]n the event this matter is resolved by way of default a reasonable attorney's fee would be $750.00.'"  (@ 1278)

Similarly, the Complaint herein requests attorney's fees of 20%.  Plaintiff has failed to show that 20% attorney's fees are not "permitted by law," and thus defendant was permitted to request those fees in its complaint, pursuant to the Cardmember Agreement..

In fact, defendant in Gaisser did request a specific sum, $750.00 or $500.00, and that Court found that defendant "stated a reasonable fee would be $750.00 or $500.00, but did not state that either was a sum certain or that either was required under the agreement governing

7

the terms of the debt." (@ 1279). In the same manner, defendant herein did not state a sum certain, but requested 20% of the principal amount, which was permitted pursuant to the Cardmember Agreement, because it is "permitted by law." Again, plaintiff has not shown that 20% attorney's fees are not permitted by law.

Defendant also claims that Winn v. Unifund CCR Partners 2007 WL 974099, 1 (D.Ariz., 2007) supports his position, because the exact amount of attorney's fees in that case was not set forth in the complaint, but only in the prayer for relief. However, that case cited Fields v. Wilber Law Firm, P. C., 383 F.3d 562, 564-65 (7th Cir.2004) and Bull v. Asset Acceptance, LLC, 444 F.Supp.2d 946, 949-51 (N.D.Ind., 2006), which both hold that asking for a specific amount of attorney's fees is not a violation of the FDCPA. (@ 3-4).

Fields v. Wilber Law Firm, P. C., 383 F.3d 562, 564-65 (7th Cir.2004), held that where the contract provided for payment of attorney's fees, asking for a specific amount of attorney's fees in a dunning letter did not misstate the amount of the debt in violation of §1692g(a) of the FDCPA. The Court held:

> "To collect attorneys' fees from Fields, Wilber necessarily had to specify an amount that it intended to charge (or had already charged) for its services. Fields, of course, could negotiate this payment or contest the reasonableness of the fees through a lawsuit. But when a debtor has contractually agreed to pay attorneys' fees and collection costs, a debt collector may, without a court's permission, state those fees and costs and include that amount in the dunning letter. Doing so does not violate the FDCPA. Indeed, refusing to quantify an amount that the debt collector is trying to collect could be construed as falsely stating the amount of debt." (@ 565)

Bull v. Asset Acceptance, LLC, 444 F.Supp.2d 946, 949-51 (N.D.Ind., 2006) held that where the credit agreement provided for payment of reasonable attorney's fees, asking for a

8

specific amount of attorney's fees in a collection complaint did not violate the FDCPA. The Court in that case described plaintiff's claim as follows:

> "Plaintiff's claim is straightforward. Plaintiff alleges the Collection Complaint violated the FDCPA because it contained a demand for what Plaintiff believes to be an unreasonable amount of attorneys' fees, namely $3,906.06. The credit card agreement, Plaintiff points out, allows for 'reasonable' attorneys' fees only. Plaintiff states that if Defendants had simply requested reasonable attorneys' fees 'without making reference to the outlandish amount of $3,906.06,' Plaintiffs would not have a claim. According to the Plaintiff, because the Collection Complaint sought an 'outlandish' amount of attorneys' fees, it violated multiple sections of the FDCPA."

That is exactly the same claim as plaintiff sets forth herein.  Bull found that the plaintiff therein failed to state a claim upon which relief may be granted.

See also Shapiro v. Riddle & Associates, P.C. 240 F.Supp.2d 287 (S.D.N.Y.,2003), aff'd. 351 F.3d 63 (2d Cir.2003), which held that it was not an FDCPA violation to include an attorneys' fees charge in a debt collection letter when that fee was authorized by an agreement between the creditor and debtor. In affirming the District Court decision, the Second Circuit found:

> "The district court determined that there was no genuine issue of material fact with regard to this claim because the agreement between Shapiro and the creditor authorized Riddle to charge Shapiro a reasonable fee and because the $98 charge was reasonable." (@ 64).

The Agreement permitted attorney's fees "to the extent permitted by law." Once again, plaintiff has failed to point out why 20% attorney's fees are not permitted by the prevailing law of this State.

## V
### *Scioli v. Goldman & Warshaw P.C.*
### Supports Defendant's Motion to Dismiss

Plaintiff is correct that the issue in Scioli v. Goldman & Warshaw P.C. 651 F.Supp.2d 273 (D.N.J., 2009), is whether New Jersey law permits recovery of contractual and statutory (pursuant to New Jersey law) attorney's fees. If both were not permitted to be collected, then the law firm would have made a false representation pursuant to the FDCPA. Nevertheless, the case holds there is no dispute that the defendant is entitled to the contractual attorney's fees, and in that case the defendant requested a specific amount of contractual attorney's fees in the complaint.

Similarly, defendant contends that it was permitted to request 20% attorney's fees in its complaint pursuant to the Cardmember Agreement. The Court in Scioli found that the debtor could dispute the fees in the underlying state court litigation (fn. 5 @277), and plaintiff Menafo could do the same in the underlying state court litigation; however that does not mean that the request for the 20% attorney's fees is a violation of any section of the FDCPA.

## VI
### Defendant Has Addressed Plaintiff's
### Claims Pursuant to 15 U.S.C. 1692(e)

Plaintiff claims that defendant has failed to address its claims under 15 U.S.C. 1692(e) – presumably the false representation of the amount of the debt (1692(e)(2)(1) - and thus our motion should be denied. Defendant has cited numerous cases both in its initial Memorandum and herein, which support its contention that it did not falsely represent the

amount of the debt by requesting 20% attorney's fees of the principal amount in the complaint.

## VII
## Pursuant to CPLR 3217, Plaintiff is Not Permitted to Unilaterally Withdraw (or Discontinue) His Counterclaim without Prejudice

Plaintiff claims that he unilaterally voluntarily withdrew its Counterclaim, but filing a "Withdrawal of Counterclaim Without Prejudice," which is attached as Exhibit B to his Memorandum of Law.

CPLR Rule 3217 **Voluntary discontinuance** states:

> "**a) Without an order.** Any party asserting a claim may discontinue it without an order
> 1. by serving upon all parties to the action a notice of discontinuance at any time before a responsive pleading is served or within twenty days after service of the pleading asserting the claim, whichever is earlier, and filing the notice with proof of service with the clerk of the court; or
> 2. by filing with the clerk of the court before the case has been submitted to the court or jury a stipulation in writing signed by the attorneys of record for all parties, provided that no party is an infant, incompetent person for whom a committee has been appointed or conservatee and no person not a party has an interest in the subject matter of the action; or
> 3. by filing with the clerk of the court before the case has been submitted to the court or jury a certificate or notice of discontinuance stating that any parcel of land which is the subject matter of the action is to be excluded pursuant to title three of article eleven of the real property tax law."

"1" is not applicable, because the responsive pleading was served on or about January 27, 2010 (Exhibit A to Plaintiff's Memorandum);

"2" is not applicable because the alleged "withdrawal" was only signed by one party; and

"3" is not applicable because this action does not involve a parcel of land.

The plaintiff's "withdrawal" is considered a "discontinuance" pursuant to New York law. McKinney's Practice Commentaries, C3217:1, which states that when a party voluntarily withdraws a claim, "New York practice calls the withdrawal a 'discontinuance.'"

Clearly then, pursuant to the CPLR, plaintiff had no authority to file its alleged "Withdrawal," and thus his Counterclaim is still pending. Although the counterclaim is against the creditor, U.S. Equities Corp. in the state court action, and this action was commenced against the law firm that filed the complaint, nevertheless, the doctrine is still applicable as set forth in our initial Memorandum because the doctrine does not state that the parties in both actions must be identical. Plaintiff does not deny this, and that is why they attempted to discontinue their counterclaim in the state action. In fact, plaintiff states that this argument "no longer applies" (Plaintiff's Mem., IV, p. 7); however that is clearly incorrect.

Thus, plaintiff's counterclaim in the underlying lawsuit still remains, the Abstention Doctrine applies herein (Defendant's Memorandum, pp. 7 – 11), and plaintiff has failed to set forth a defense to the applicability of this doctrine.

## CONCLUSION

It is respectfully requested that defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure §12(b)(6) be granted, and if the Court should deny that motion, then it is respectfully requested that this Court either dismiss or stay this action based on the doctrine of abstention, which plaintiff has not validly contested..

Dated:  January 24, 2011

                                            Respectfully Submitted ,

                                            Linda Strumpf
                                            Defendant Pro Se
                                            244 Colonial Road
                                            New Canaan, Ct. 06840
                                            203-966-8555

TO:  Graham Law P.C.
      Attorneys for Plaintiff
      1207 Delaware Ave.
      Suite 202
      Buffalo,  NY 14209
      fborgese@grahamlawpc.com

United States District Court
Western District of New York

------------------------------------------------X   Docket No. 10 CV 6545 (DGL)

Mark A. Menafo
                Plaintiff,
    -against-                      CERTIFICATE OF SERVICE

The Law Office of Linda Strumpf
                Defendant
-------------------------------------------------X

      Linda Strumpf, hereby declares under penalty of perjury, that pursuant to 28 U.S.C. §1746, the foregoing is true and correct:

      On January 24, 2011 deponent served one copy of the Memorandum of Law in Response to Plaintiff's Opposition and In Further Support of Defendant's Motion to Dismiss, in the above-captioned matter on the Attorneys for Plaintiff by sending a true copy by e-mail to Attorney for Plaintiff at the following e-mail address :

Frank J. Borgese, Esq.
Graham Law P.C.
Attorneys for Plaintiff
1207 Delaware Avenue.
Suite 202
Buffalo,  NY 14209
fborgese@grahamlawpc.com

                                                      Linda Strumpf